Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:04 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | |
|---|---|
| YVETTE BAKER,<br>8926 Tennessee Avenue<br>Kansas City, Missouri 64113 )<br><br>Plaintiff, )<br>v. )<br><br>OCEAN 18, LLC,<br>1425 University Ave, Suite D<br>San Diego, CA 92103<br>     SERVE: OCEAN 18, LLC,<br>     Israel Hechter<br>     1425 University Ave, Suite D<br>     San Diego, CA 92103<br><br>NATIONWIDE SERVICING CENTER, INC.,<br>1425 University Ave, Suite D<br>San Diego, CA 92103<br>     SERVE: NATIONWIDE SERVICING<br>     CENTER, INC.,<br>     Terry Dailey<br>     1425 University Ave, Suite D<br>     San Diego, CA 92103<br>and<br><br>MARTIN LEIGH PC,<br>2405 Grand Boulevard, Suite 410<br>Kansas City, Missouri 64108<br>     SERVE: MARTIN LEIGH<br>     Thomas J. Fritzlen, Jr.<br>     2405 Grand Boulevard, Suite 410<br>     Kansas City, Missouri 64108<br><br>Defendants. | Case No.<br><br>Division |

## PLAINTIFF'S VERIFIED PETITION FOR <u>VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT</u>

COMES NOW Plaintiff Yvette Baker, by and through counsel, and for her

Verified Petition For Violations of The Missouri Merchandising Practices Act against

Defendants Ocean 18, LLC ("Ocean 18"), Nationwide Servicing Center, Inc. ("Nationwide") and Martin Leigh PC ("Martin Leigh") alleges as follows:

1.    Plaintiff is a natural person who resides in Kansas City, Missouri in the County of Jackson at 8926 Tennessee Avenue, Kansas City, Missouri.

2.    Defendant, Ocean 18, is an American financial conglomerate and bulk debt buyer organized under the laws of the State of Delaware and located in San Diego, California.  Ocean 18 is not registered to do business in the State of Missouri.

3.    Defendant, Nationwide, is a loan servicing corporation organized under the laws of the State of California and located in San Diego, California.  Nationwide is not registered to do business in the State of Missouri.

3.    Defendant Martin Leigh PC is a Missouri law firm located at 2405 Grand Boulevard, Suite 410, Kansas City, Missouri 64108, and conducting business in the County of Jackson, Missouri.  Martin Leigh frequently drafts and records documents necessary for foreclosure proceedings, communicates with homeowners before foreclosure proceedings regarding the foreclosure sale, and conducts foreclosure sales and other business in the County of Jackson, Missouri.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action because the defendants, within this state: (1)  transacted business, (2)  made contracts, (3) assigned deeds of trust and/or promissory notes or made appointments of successor/substitute trustees, (4) scheduled a foreclosure sale on Plaintiff's family home, (5) and the real property in dispute is located in Jackson County.

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:04 PM

5.     Plaintiff has incurred damages as a result of defendants' wrongful conduct, described more fully below.

6.     This Court, as a court of general jurisdiction, has subject matter jurisdiction over the claims made herein.

7.     The Court has personal jurisdiction over Defendant, Martin Leigh by service upon registered agent within the boundaries of the State of Missouri.

8.     This Court has personal jurisdiction over Defendant, Ocean 18 pursuant to the long arm jurisdiction statutes of the State of Missouri in the Defendant's actions affect a lien on real estate within the boundaries of the State of Missouri

9.     This Court has personal jurisdiction over Defendant, Nationwide pursuant to the long arm jurisdiction statutes of the State of Missouri in the Defendant's actions affect a lien on real estate within the boundaries of the State of Missouri

10.     The amount in controversy is $46,622.66 and does not exceed $75,000.

11.     Venue is proper in this Court pursuant to RSMo §508.030, because the real property is situated in Jackson County, Missouri.

12.     Venue is proper in this Court pursuant to RSMo §508.010(2), because the wrongful conduct occurred in Jackson County, Missouri.

## COMMON ALLEGATIONS OF FACT

13.     On September 30 2005, Plaintiff, signed two Promissory Notes and two Deeds of Trust granting a first and second mortgage to EquiFirst Corporation in order to purchase her family home.

14.     EquiFirst recorded both Deeds of Trust on October 3, 2005.

15.     The Deed of Trust recorded with instrument number 2005I0087536 incorporated the promissory note signed for $26,600.00, also referred to as the second mortgage.

16.     The Deed of Trust recorded with instrument number 2005I0087536 did not have any clauses prohibiting oral modifications.

17.     Soon after Plaintiff signed the Notes and Deeds of Trust both mortgages were transferred to Homecomings Financial, LLC ("Homecomings") which was an affiliate of GMAC Mortgage, LLC, ("GMAC") and Plaintiff made all mortgage payments to Homecomings for the first and the second mortgage.

18.     On June 10, 2009, Plaintiff received notice that the servicing of her mortgage loan was being transferred to GMAC Mortgage, LLC effective July 1, 2009.

19.     Plaintiff then began making all mortgage payments to GMAC for the first and second mortgage, which is evidenced by GMAC account numbers 7440619229 and 7440152452 found on Plaintiff's mortgage interest statements.

20.     On August 9, 2012, GMAC sent a letter approving a modification of Plaintiff's mortgages, and representatives of GMAC assured Plaintiff that once she completed the modification she would only be required to make the modified payments moving forward.

21.      GMAC and Plaintiff performed based on the understood agreement, and Plaintiff from the date that the loan modification was effective, paid the modified payment while GMAC did not pursue any default or payments of the second mortgage.

22.     Plaintiff never received any notice from GMAC that the second mortgage was in default or that payments were owed on the second mortgage.

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:04 PM

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:04 PM

23.     Plaintiff never received any notice of transfers or assignments of the second mortgage.

24.     Six years after Plaintiff's modification agreement on or about August 3, 2018, Plaintiff received a 45 day Notice of Demand - Intent to Foreclose and Right to Cure from Mortgage Default Services, LLC for the amount of $29,123.90.

25.      Prior to the Notice of Demand, Plaintiff never received any notices from Ocean 18, or Nationwide that her second mortgage had been transferred to them or that she was in default.

26.     On October 29, 2018, Ocean 18 recorded an Appointment of Successor Trustee dated October 17, 2018, appointing Martin Leigh, PC. for the Deed and Trust recorded as Document No. **2000510087536**.

27.     The Appointment of Successor Trustee, dated October 17, 2018 identifies Ocean 18 as the "holder of the Deed of Trust," but it does not indentify Ocean 18 as the holder of the Note.

28.     On October 15, 2018, Martin Leigh recorded a Request for Notice of Sale dated October 12, 2018 request for Notice of Foreclosure Sale for the Deed and Trust recorded as Document No. **2000510087535**. This instrument number refers to the Deed of Trust originally incorporating the first mortgage in which Martin Leigh was not appointed Trustee.

29.     Martin Leigh should have known that the Request for Notice of Foreclosure Sale referenced the wrong Deed of Trust.

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:04 PM

30.     Martin Leigh recorded with the Jackson County, Missouri Recorder of Deeds office a Notice of Sale which referenced a Deed of Trust in which they were not appointed as Trustee.

31.     Martin Leigh published a notice in a newspaper giving notice of the foreclosure sale of Plaintiff's family home.

32.     In the Notice of Demand, Ocean 18, alleges that Plaintiff failed to pay the 4/1/2010 payment and subsequent scheduled payments. However, Plaintiff, has a mortgage interest statement showing that she made payments to GMAC on the second mortgage during the same time Ocean 18, alleges she was in default.

32.     On or about November 14, 2018, Plaintiff received fifteen Certified mailed letters from Martin Leigh, PC, giving Notice of Trustee's Sale scheduled for December 6, 2018 at 12:30pm.

33.     On December 6, 2018, Plaintiff requested validation of the debt from Ocean 18, Nationwide, and Martin Leigh.

34.     On December 7, 2018, Plaintiff received a packet of documents from Martin Leigh for validation of the debt which included a copy of the original Promissory Note.

35.     The copy of the Note indicated that there were three allonges containing alleged endorsements of the Note.

36.     Upon information and belief the allonges are not enforceable because they are defective.

37.     The image received from Defendants on December 7, 2018 and mailed to Plaintiff of the allonges containing the transfer to Defendant Ocean 18, LCC, depicted no

evidence that it was firmly fixed to the Note as to become an extension or part of the Note. See Exhibit 1.

38.     On December 11, 2018, Plaintiff's counsel inspected the original Note mailed from Ocean 18 and Nationwide at the offices of Martin Leigh and appeared that all allonges were stapled to Note.

39.     Plaintiff requested that Martin Leigh send scanned copy of the original note which was inspected. See Exhibit 2.

40.     The copy of the original note sent on December 11, 2018 was substantially different from the copy sent December 7, 2018 as it indicated that all allonges were firmly fixed to the Note when before the third allonge was not firmly fixed.

41.     Upon information and belief the Defendants improperly altered the original note by affixing the third allonge transferring the Note to Ocean 18, LLC, when at the time of validation and on the date of the scheduled foreclosure the third allonge was not firmly fixed to the Note as to become an extension or part of the Note.

42.     On or about In 2014, Israel Hechter, the owner and president of Ocean 18, LLC admitted in federal court that he paid one million in bribes to bank insiders at GMAC Mortgage, LLC and in exchange the bankers arranged for Hechter to win bids to purchase mortgage loans issued by banks and sold on the secondary market.

43.     Ocean 18, is a bulk debt buyer and they make windfall profits from buying secondary debts and enforcing against consumers who assume the debts are legitimate.

44.     On information and belief, the secondary mortgage Ocean 18 seeks to enforce in this case was acquired by wrongful conduct committed by Ocean 18, error, or oversight by the GMAC.

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:04 PM

45.     GMAC filed for bankruptcy in 2013 after being prosecuted for crimes against its debtors, shortly after Plaintiff's loan modification was granted and it is highly likely that the modification was not documented correctly allowing the second mortgage to be transferred after it had been modified by GMAC.

46.     This can be evidenced by the alterations made on the loan modification that was recorded with the Jackson County Recorder of Deeds which were not a part of the original document signed by Plaintiff.

47.     Upon information and belief, Ocean 18 does not have the proper authority to enforce Note signed by Plaintiff and to foreclose on Plaintiff's family home.

48.     Ocean 18 is seeking a default for unpaid payments from 2010 that were made to GMAC.

49.     Ocean 18, is a bulk debt collector who buys thousands of secondary debts for pennies on the dollar and Ocean 18 has not provided proper documentation that it was transferred Plaintiff's Note.

50.     Martin Leigh is in the business of, among other things, serving as a Successor Trustee for the purpose of conducting foreclosure sales in Missouri.

51.     Martin Leigh has a pecuniary interest in its business serving as a Successor Trustee for the purpose of conducting foreclosure sales in Missouri.

52.     Nationwide never provided Plaintiff with any documentation of the debt or any accounting of the allegedly unpaid amounts.

53.     Plaintiff explained to Nationwide that her loans had been modified and that she had been making her modified payments.

54. Nationwide never provided any documentation to Plaintiff that its claims were legitimate.

55. Nationwide continued making threatening calls to Plaintiff demanding she pay the full amount of a loan which had already been consolidated in another agreement, and threatening that if she didn't her family home would be sold on the courthouse steps.

56. Plaintiff disputed the debt and requested verification and validation.

57. According to Nationwide, the payoff amount for plaintiff's Note is $46,622.66 as of December 10, 2018 and Plaintiff was not given notice of this amount prior to scheduled date of foreclosure.

### COUNT I - VIOLATIONS OF MMPA

COMES NOW Plaintiff, and for Plaintiff's request for claims that Defendants violated the Missouri Merchandising and Practices Act, Plaintiff states and alleges as follows:

58. Plaintiff restates and alleges the allegations contained in paragraphs 1 through 57 as if stated in full in Count One.

59. Missouri's Merchandising Practices Act prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." RSMo 407.020.

60. Nationwide is a loan servicing company servicing loans on behalf of Ocean 18, LLC.

61. Nationwide, as a loan servicer, should have the resources and expertise to execute all aspects of mortgage servicing, including proper allocation of payments,

9

escrow services, payment of taxes and insurance, and compliance with investor guidelines.

62.    Nationwide provided a copy of the original Note on December 7, 2018 through the Trustee Martin Leigh in which the third allonge had not been firmly fixed to Note.

63.    On December 11, 2018, Martin Leigh produced the original which had been stapled to all allonges.

64.    Upon information and belief, the original Note was altered in order to be in compliance with the applicable laws of Missouri requiring all allonges to be firmly fixed to Note to be enforceable, and Ocean 18, Nationwide, and Martin Leigh were the only parties who had access to the original Note to make alterations.

65.    Defendants have produced contradictory and altered evidence that Defendants have the right to enforce the Note signed by Plaintiff.

66.    Defendants used deception, committed an unfair practice, and concealed, suppressed and omitted from Plaintiff material facts and circumstances related to the transfer of the Note to Ocean 18.

67.    The material facts concealed, suppressed and omitted from plaintiff and relating to Defendants right to enforce the Note signed by Plaintiff are known to Defendants or, upon reasonable inquiry, could have been known to Defendants.

68.    The material facts and circumstances concealed, suppressed and omitted from plaintiff and relating to Ocean 18, LLC acquisition or transfer of the Note are unknown to Plaintiff.

69.    Defendants' actions constitute a pattern and practice of deceptive conduct.

70. Defendants'' actions are in connection with the foreclosure proceedings and sale of interest in Plaintiff's home scheduled to happen December 13, 2018.

71. Defendants' acts described above constitute violations of the MPA.

72. As a direct and proximate result of Defendants' violations of the MPA, plaintiff suffered ascertainable losses in an amount to be determined at trial.

72. Defendants' conduct described above was malicious, intentional, reckless, corrupt, predatory, and sufficiently in disregard of plaintiff's right to support an award of punitive damages against Defendants

73. As a result of Defendants' violations of the MPA, it is liable to plaintiff for all damages allowed by the MPA, including for fees paid for services not performed, interest on the those fees, costs of suit, attorney's fees, expert witness fees, punitive damages, pre-judgment interest, post-judgment interest, and other such relief as the Court may determine.

**WHEREFORE**, plaintiff prays this Court enter judgment in her favor and against Defendants on Count I of her First Amended Verified Petition, for actual damages, punitive damages, and award plaintiff her attorneys' fees and costs incurred in defending the rights of plaintiff, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## COUNT II - REQUEST FOR INJUNCTION

COMES NOW Plaintiff, and for Plaintiff's request for the Court's order enjoining Defendants' foreclosure sale of the Property, wherein Plaintiff states and alleges as follows:

11

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:04 PM

74.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 73 as if stated in full in Count One.

75.     On September 30 2005, Plaintiff, signed two promissory notes and two deeds of trust granting a first and second mortgage to EquiFirst Corporation in order to purchase her family home.

76.     EquiFirst Corporation transferred both mortgages to GMAC.

77.     Plaintiff made all mortgage payments for first and second mortgage to GMAC.

78.     On August 9, 2012, Plaintiff reached a modification agreement with GMAC, the predecessor in interest to the debt Ocean 18 seeks to enforce.

79.     Plaintiff was assured that modification cured all defaults and that she was to make payments as modified moving forward.

80.     Plaintiff has made all payments in compliance with the loan modification agreement with GMAC.

81.     On October 17, 2013, an assignment of Deed of Trust was prepared representing that Ocean 18 was the alleged holder  and assignee of the Deed of Trust dated September 30, 2005 and recorded October 3, 2005 as document number 2005I0087536.

82.     Ocean 18, claims an interest in Plaintiff's property legally described as Lot 85, Trustwood Hills 2nd Plat, a subdivision in Kansas City, Jackson County, Missouri.

83.     The claim of interest asserted by Ocean 18 is adverse and prejudicial to Plaintiff.

84.     Plaintiff has made all payments required under the modification agreement with GMAC and any interest asserted by Ocean 18 would be contrary to the agreement Plaintiff reached to modify the loans with GMAC.

85.     Ocean 18, is a bulk debt buyer that purchases thousands of debts for pennies on the dollar on the secondary market and tries to enforce the debts against consumers who assume the debts are legitimate or who have no means to fight back.

86.     Nationwide is the affiliate company that services loans for Ocean 18, organized as a separate business entity but ran by the same CEO as Ocean 18, Israel Hechter.

87.     Israel Hechter has committed wrongful acts in the past to obtain mortgage loans issues by banks and sold on the secondary market.

88.     Plaintiff received a generic 45-Day Notice of Demand from Mortgage Default Services LLC demanding that she pay $29,123.90 with no documentation that the debt was legitimate.

89.     Plaintiff was sent fifteen certified mailed letters of Notice of Trustee's Sale on or about November 14, 2018.

90.     Plaintiff requested Ocean 18, Nationwide or Martin Leigh provide validation of the debt.

91.     Nationwide provided a copy of the original Note on December 7, 2018 that demonstrated that the allonges were defective and unenforceable.

92.     On December 11, 2018 it was evident that there was an alteration to the Note in order to be in compliance with the applicable laws of Missouri requiring all

allonges to be firmly fixed to Note to be enforceable because all allonges were stapled to the Note.

93.     Ocean 18, have failed to provide adequate proof that they are the proper holder of the Note or that they are entitled to enforce the Note.

94.     Martin Leigh, has scheduled the foreclosure sale for December 13, 2018.

95.     Plaintiff will suffer immediate and irreparable harm if Defendants are allowed to proceed with Defendants' foreclosure sale.

96.     Plaintiff will lose the home she has spent 13 years investing and spending her hard earned money to keep.

97.     Plaintiff will be forced out of her home with no place to go.

98.     The Property is real estate and the Plaintiff's family home, which is unique and Plaintiff does not have the ability to replace the real estate.

99.     Without the Courts relief, Plaintiff will suffer immediate and irreparable injury, loss, and damage as the result of Defendant's foreclosure on the homestead.

100.    Plaintiff's remedies at law are inadequate.

101.    Plaintiff is in need of the Court's orders restraining Defendant's foreclosure of the Property.

**WHEREFORE** Plaintiff prays for the Court to enter the Court's orders directed to Defendant Trustee and to Defendant Bank wherein the Court orders the following temporary and/or permanent relief:

I.      Defendants are restrained from foreclosing on the property until further order of the Court; and

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:04 PM

II.     For such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

KESSINGER LAW FIRM, P.C.

By: *Erica D. Baker*
Erica Baker,        #70625
James Kessinger, #42808
Luke Demaree    #54056
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S VERIFICATION

STATE OF MISSOURI     )
                               ) SS.
COUNTY OF JACKSON     )

      Yvette Baker, of lawful age, being duly sworn, on her oath, states that she is the plaintiff named above; that she has read the foregoing Verified Petition For Violations of The Missouri Merchandising Practices Act, and the facts contained therein are true and accurate according to her best information, knowledge, and belief.

_____

Yvette C. Baker

SUBSCRIBED AND SWORN to before me this __11th__ day of December, 2018.

_____
                                     NOTARY PUBLIC

My commission expires:

11/7/19

JAMES KESSINGER
MY COMMISSION EXPIRES
November 7, 2019
NOTARY SEAL
#16356695
CLAY COUNTY
NOTARY PUBLIC, STATE OF MISSOURI

16

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:11 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| **YVETTE BAKER,** <br> 8926 Tennessee Avenue <br> Kansas City, Missouri 64113 <br><br>        **Plaintiff,** <br><br> **v.** <br><br> **OCEAN 18, LLC,** <br> 1425 University Ave, Suite D <br> San Diego, CA  92103 <br>      **SERVE: OCEAN 18, LLC,** <br>      **Israel Hechter** <br>      **1425 University Ave, Suite D** <br>      **San Diego, CA  92103** <br><br> **NATIONWIDE SERVICING CENTER, INC.,** <br> 1425 University Ave, Suite D <br> San Diego, CA  92103 <br>      **SERVE: NATIONWIDE SERVICING** <br>      **CENTER, INC.,** <br>      **Terry Dailey** <br>      **1425 University Ave, Suite D** <br>      **San Diego, CA  92103** <br> **and** <br><br> **MARTIN LEIGH PC,** <br> 2405 Grand Boulevard, Suite 410 <br> Kansas City, Missouri 64108 <br>      **SERVE: MARTIN LEIGH** <br>      **Thomas J. Fritzlen, Jr.** <br>      **2405 Grand Boulevard, Suite 410** <br>      **Kansas City, Missouri 64108** <br><br>        **Defendants.** | **Case No.** <br><br> **Division** |

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

<u>**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**</u>

Pursuant to Missouri Rule of Civil Procedure 92.02, Plaintiff Yvette Baker respectfully moves the Court for a Temporary Restraining Order enjoining defendants Ocean 18, LLC, Nationwide Servicing Center, Inc., and Martin Leigh PC, a local

Electronically Filed - Jackson - Kansas City - December 11, 2018 - 08:11 PM

foreclosure law firm, from proceeding with or pursuing in any further way a foreclosure sale of Plaintiff's home scheduled to take place at 12:30 p.m. on Thursday, December 13, 2018, and until further order of the Court.

1.      On or about November 14, 2018, Notice of Trustee's Sale was mailed to Yvette Baker on behalf of Ocean 18, LLC.

2.      Mrs. Baker has been making her mortgage payments for the past 13 years and was never notified that any mortgage was transferred to Ocean 18, LLC.

3.      Plaintiff received a generic 45-Day Notice of Demand from Mortgage Default Services LLC demanding that she pay $29,123.90 with no documentation that the debt was legitimate.

4.      Ocean 18, LLC claimed to be the holder of the original Promissory Note as endorsed by allonge to Ocean 18, LLC

5.      Ocean 18, LLC claimed to be the holder of Yvette Baker's Deed of Trust executed on September 30, 2005.

6.      Mrs. Baker requested that Ocean 18, LLC or its affiliate Nationwide Loan Servicing, Inc. provide her with validation that Ocean 18, LLC has a right to enforce her Note.

7.      Nationwide provided a copy of the original Note on December 7, 2018 that demonstrated that the allonges were defective and unenforceable.

8.      On December 11, 2018 it was evident that there was an alteration to the Note in order to be in compliance with the applicable laws of Missouri requiring all allonges to be firmly fixed to Note to be enforceable because all allonges were stapled to the Note.

9.    Ocean 18, have failed to provide adequate proof that they are the proper holder of the Note or that they are entitled to enforce the Note.

10.    After Mrs. Baker challenged the validity of the foreclosure, Defendants changed their position and have demanded a new substantially greater amount, an amount that is prejudicial to Mrs. Baker.

11.    Martin Leigh, has scheduled the foreclosure sale for December 13, 2018.

12.    Plaintiff will suffer immediate and irreparable harm if Defendants are allowed to proceed with Defendants' foreclosure sale.

13.    Without action from the court, Plaintiff will lose the home she has spent 13 years investing and spending her hard earned money to keep to a bulk debt collector who has fraudulently acquired second market mortgage loans in the past.

14.    Ocean 18, LLC is a bulk debt buyer that purchases thousands of debts for pennies on the dollar on the secondary market and tries to enforce the debts against consumers who assume the debts are legitimate or who have no means to fight back.

15.    Nationwide is the affiliate company that services loans for Ocean 18, organized as a separate business entity but ran by the same CEO as Ocean 18, Israel Hechter.

16.    Israel Hechter has committed wrongful acts in the past to obtain mortgage loans issues by banks and sold on the secondary market.

17.    Israel Hechter was convicted of bank bribery and was sentenced to 18 months in prison for bribing bank insiders at GMAC Mortgage, LLC and other banks to improperly receive mortgage loans.

18. The investigation uncovered that after wrongfully acquiring the mortgages, Ocean 18 LLC would service the mortgage loans by collecting monthly payments from the borrowers or initiating foreclosure proceedings when the borrowers defaulted. The investors made money when borrowers made payments or sold the properties, or after foreclosure and resale.

19. Mrs. Baker is seeking a Temporary Restraining Order until a preliminary injunction hearing can be scheduled, in order to prevent a wrongful foreclosure from taking place on December 13, 2018.

20. The request for Temporary Restraining Order is supported by Mrs. Baker's Verified Petition For Injunction and Violations of The Missouri Merchandising Practices Act.

21. If a Temporary Restraining Order is not granted the foreclosure sale will inevitably lead to the filing of a Petition in Unlawful Detainer in order to improperly evict Mrs. Baker from her family home in Kansas City, Missouri.

22. Mrs. Baker will be obligated to make payments to her first mortgage servicer and would not be able to afford other housing.

23. Under the circumstances, Mrs. Baker submits that she is entitled to the injunctive relief she seeks because there is a demonstrated immediate and irreparable injury, loss, and damage that would result in her being homeless and even though she would still be required to make mortgage payments on her first mortgage

24. Mrs. Baker's circumstances have demonstrated that immediate and irreparable injury, loss, and damage will result in the absence of relief from the Court.

25. Mrs. Baker has no adequate remedy at law.

**WHEREFORE,** Plaintiff prays for the Court to issue a Temporary Restraining Order enjoining Defendants Ocean 18, LLC, Nationwide Servicing Center, Inc., and Martin Leigh PC, a local foreclosure law firm, from proceeding with or pursuing in any further way a foreclosure sale of Plaintiff's home scheduled to take place at 12:30 p.m. on Thursday, December 13, 2018, and for such further relief as the Court deems just and proper.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

_____
**Yvette Baker, Plaintiff**

Subscribed and sworn to before me on this _11th_ day of _December_____, 2018



_____
Notary Public

Respectfully Submitted,

KESSINGER LAW FIRM, P.C.

By: _Erica D. Baker_____
Erica Baker,       #70625
James Kessinger, #42808
Luke Demaree    #54056
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2018, a copy of the above and foregoing Plaintiff's Motion for Temporary Restraining Order was sent by E-Mail and U.S. Mail, First-Class to:

Israel Hechter
Ocean 18, LLC
1425 University Ave, Suite D
San Diego, CA 92103
Registered Agent for Defendant Ocean 18, LLC


Terry Dailey
1425 University Ave, Suite D
San Diego, CA 92103
terry@nationwideservicing.net
Registered Agent for Defendant Nationwide Servicing Center, Inc.

Gregory Todd
Martin Leigh PC
2405 Grand Blvd., Suite 410
Kansas City, Missouri 64108
Telephone (816) 221-1430
Facsimile (816) 221-1044
gdt@martinleigh.com
Attorney for Defendant Martin Leigh PC


/s/ Erica D. Baker
Attorney for Plaintiff

Electronically Filed - Jackson - Kansas City - December 12, 2018 - 10:35 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**YVETTE BAKER,** )
**8926 Tennessee Avenue** )
**Kansas City, Missouri 64113** )
)
      **Plaintiff,** )
**v.** )
)     **Case No. 1816-CV32043**
**OCEAN 18, LLC,** )
**1425 University Ave, Suite D** )     **Division 8**
**San Diego, CA  92103** )
)
**NATIONWIDE SERVICING CENTER, INC.,** )
**1425 University Ave, Suite D** )     **MOTION FOR CHANGE OF**
**San Diego, CA  92103** )     **VENUE**
)
**and** )
)
**MARTIN LEIGH PC,** )
**2405 Grand Boulevard, Suite 410** )
**Kansas City, Missouri 64108** )
)
      **Defendants.** )

<u>MOTION FOR CHANGE OF VENUE</u>

Pursuant to Missouri Rule of Civil Procedure 51, Plaintiff respectfully moves the Court for a Change of Venue.

1.     Venue is proper in the Circuit Court of Jackson County at Independence because the property in dispute is situated in the eastern part of the County.

2.     The case was intended to be filed in  the Circuit Court of Jackson County at Independence as evidenced by the case caption, and Plaintiff filed the case in  the Circuit Court of Jackson County at Kansas City in error.

WHEREFORE, Plaintiff  prays for the Court to Change Venue from the Circuit Court of Jackson County at Kansas City to the Circuit Court of Jackson County at Independence.

Respectfully Submitted,

KESSINGER LAW FIRM, P.C.

By: _Erica D. Baker_____
Erica Baker,        #70625
James Kessinger, #42808
Luke Demaree   #54056
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

YVETTE C BAKER

**PLAINTIFF(S),**       **CASE NO.** 1816-CV32043

**VS.**       **DIVISION 8**

OCEAN 18, LLC **ET AL**

**DEFENDANT(S),**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

_____

     NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **BRYAN E ROUND** on **01-APR-2019** in **DIVISION 8** at **08:15 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

     A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

     At the Case Management Conference, counsel should be prepared to address at least the following:

    a.     A trial setting;

    b.     Expert Witness Disclosure Cutoff Date;

    c.     A schedule for the orderly preparation of the case for trial;

    d.     Any issues which require input or action by the Court;

    e.     The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

**/S/ BRYAN E ROUND**
BRYAN E ROUND, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ERICA DENISE BAKER, 200 NORTHWEST ENGLEWOOD ROAD, SUITE B, KANSAS CITY, MO 64118

Defendant(s):
OCEAN 18, LLC
NATIONWIDE SERVICING CENTER, INC.
MARTIN LEIGH, PC

Dated: 12-DEC-2018

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - December 12, 2018 - 04:48 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| **8926 Tennessee Avenue** | ) | |
| **Kansas City, Missouri 64113** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| **OCEAN 18, LLC,** | ) | |
| **1425 University Ave, Suite D** | ) | **Division 8** |
| **San Diego, CA 92103** | ) | |
| | ) | |
| **NATIONWIDE SERVICING CENTER, INC.,** | ) | |
| **1425 University Ave, Suite D** | ) | |
| **San Diego, CA 92103** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARTIN LEIGH PC,** | ) | |
| **2405 Grand Boulevard, Suite 410** | ) | |
| **Kansas City, Missouri 64108** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S NOTICE OF HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER

**PLEASE TAKE NOTICE** of the Hearing set for **December 13, at 10:30 am** on Plaintiff's

Motion for Temporary Restraining Order, in Division 8 of the Downtown Jackson County

Courthouse located at 415 E 12th Street Kansas City, MO 64106.

Respectfully submitted,

KESSINGER LAW FIRM, P.C.

By: ___/s/Erica D. Baker___
James A. Kessinger    #42808
Luke A. Demaree    #54056
Erica D. Baker    #70625
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
Telephone: (816) 436-0707

Telecopier: (816) 436-1380
edbaker@kessingerlaw.net
***Attorneys For Plaintiff***

### CERTIFICATE OF NOTICE

The undersigned hereby certifies on this 12th day of December, 2018, a true and accurate copy of the foregoing was emailed to the following:

Jeff Haven
Mortgage Default Services,LLC
P O Box 18265
Spokane, WA 99228
Tel: (509) 325-5099
Fax: (509) 465-9397Attorney for Defendant Ocean 18, LLC


Terry Dailey
1425 University Ave, Suite D
San Diego, CA  92103
terry@nationwideservicing.net
Registered Agent for Defendant Nationwide Servicing Center, Inc.
jhavens@mdefault.com
Attorney for Defendant Nationwide Servicing Center, Inc.


Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
gdt@martinleigh.com
Attorney for Defendant Martin Leigh PC


*/s/Erica D. Baker*
Attorney for Plaintiff

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ **AT KANSAS CITY**   ☐ AT INDEPENDENCE

**RE**:   YVETTE C BAKER V OCEAN 18, LLC ET AL
**CASE NO:**   1816-CV32043

**TO:**   **ERICA DENISE BAKER**
   **200 NORTHWEST ENGLEWOOD ROAD, SUITE B**
   **KANSAS CITY, MO  64118**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>December 11, 2018</u>.  However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☒ **Additional service instructions are needed.**
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:**   **Before your case can be processed further you will need to eFile service instructions for the defendant.  If service will be done by the Jackson County Sheriff you will need to eFile the required service fee of $36.00.  If service will be done by a private process server you will need to eFile a Motion and Order for Appointment of Private Process Server with the required PPS18 number(s) on it.**
☒ **Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.**
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

<u>**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**</u>

**Please refer to the Court's website at <u>www.16thcircuit.org</u> for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed DECEMBER 12, 2018 to:

**COURT ADMINISTRATOR'S OFFICE**
**DEPARTMENT OF CIVIL RECORDS**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

<u>**DECEMBER 12, 2018**</u>         **By** _____
**Date**

**Peggy Holley, 816-881-6491**
**Deputy Court Administrator**
☒ **415 East 12th St., Kansas City, Missouri 64106**
☐ **308 W. Kansas, Independence, Missouri 64050**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| **8926 Tennessee Avenue** | ) | |
| **Kansas City, Missouri 64113** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| **OCEAN 18, LLC,** | ) | |
| **1425 University Ave, Suite D** | ) | **Division 8** |
| **San Diego, CA 92103** | ) | |
| | ) | |
| **NATIONWIDE SERVICING CENTER, INC.,** | ) | |
| **1425 University Ave, Suite D** | ) | **WITHDRAWAL OF MOTION** |
| **San Diego, CA 92103** | ) | **FOR CHANGE OF VENUE** |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARTIN LEIGH PC,** | ) | |
| **2405 Grand Boulevard, Suite 410** | ) | |
| **Kansas City, Missouri 64108** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>WITHDRAWAL OF PLAINTIFF'S MOTION FOR CHANGE OF VENUE</u>

PLEASE TAKE NOTICE Plaintiff has discovered that Venue is proper in Kansas City

and not Independence, and as such Plaintiff withdrawals Plaintiff's Motion for Change of Venue.

Respectfully Submitted,

KESSINGER LAW FIRM, P.C.

By: _Erica D. Baker_____
Erica Baker,        #70625
James Kessinger, #42808
Luke Demaree    #54056
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

FILED
DIVISION 8
13-Dec-2018  11:03
CIRCUIT COURT OF JACKSON COUNTY, MO
BY_____DCA

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

YVETTE BAKER,                                    )
8926 Tennessee Avenue                            )
Kansas City, Missouri 64113                      )
                                                 )
                    Plaintiff,                   )
v.                                               )
                                                 )      Case No. 1816-CV32043
OCEAN 18, LLC,                                   )
1425 University Ave, Suite D                     )      Division 8
San Diego, CA  92103                             )
                                                 )
NATIONWIDE SERVICING CENTER, INC.,               )
1425 University Ave, Suite D                      )
San Diego, CA  92103                             )
                                                 )
and                                              )
                                                 )
MARTIN LEIGH PC,                                 )
2405 Grand Boulevard, Suite 410                  )
Kansas City, Missouri 64108                      )
                                                 )
                    Defendants.                  )

## TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order. The Court finds that the Motion was supported with a Verified Petition For Injunction and Violations of The Missouri Merchandising Practices Act. The Court further finds that notice of the Motion was provided to Defendants.  The Court finds that absent entry of this Order, Plaintiff will suffer the immediate and irreparable injury of the foreclosure of her family home on December 13, 2018.  After considering the Motion, it is hereby

ORDERED that defendants Ocean 18, LLC, Nationwide Servicing Center, Inc., Martin Leigh PC, and defendants' respective employees, servants, attorneys, and all persons in active concert or participation with any of the aforementioned persons or

entities, are enjoined from taking any further steps to foreclose upon Plaintiff's home located at 8926 Tennessee Avenue, Kansas City, Missouri 64138, until the preliminary injunction hearing scheduled for the _21ST_ day of _DECEMBER_, 2018 at _12:30 p.m._ time in Division _8_ of Jackson County Circuit Court at Independence. The Court sets bond in the amount of $ _46,622.00_

DATED: _12/13/18_

_____
JUDGE

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| **8926 Tennessee Avenue** | ) | |
| **Kansas City, Missouri 64113** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| **OCEAN 18, LLC,** | ) | |
| **1425 University Ave, Suite D** | ) | **Division 8** |
| **San Diego, CA  92103** | ) | |
| | ) | |
| **NATIONWIDE SERVICING CENTER, INC.,** | ) | |
| **1425 University Ave, Suite D** | ) | |
| **San Diego, CA  92103** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARTIN LEIGH PC,** | ) | |
| **2405 Grand Boulevard, Suite 410** | ) | |
| **Kansas City, Missouri 64108** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF HEARING

**TAKE NOTICE** that Plaintiff will call up for hearing and disposition, Plaintiff's December 14th,

2018 Motion for Preliminary Injunction, in Division 8 of the Downtown Jackson County

Courthouse on **December 21, at 12:30 am**, or as soon thereafter as the parties may be heard.

Respectfully submitted,

KESSINGER LAW FIRM, P.C.

By:_____*/s/Erica D. Baker*_____
James A. Kessinger          #42808
Luke A. Demaree            #54056
Erica D. Baker             #70625
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
Telephone: (816) 436-0707
***Attorneys For Plaintiff***

**CERTIFICATE OF NOTICE**

The undersigned hereby certifies on this 14th day of December, 2018, a true and accurate copy of the foregoing was emailed to the following:

Jeff Haven
Mortgage Default Services, LLC
P O Box 18265
Spokane, WA 99228
Tel: (509) 325-5099
Fax: (509) 465-9397Attorney for Defendant Ocean 18, LLC, Nationwide Servicing Center, Inc.

Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
gdt@martinleigh.com
Attorney for Defendant Martin Leigh PC

/s/Erica D. Baker
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| **8926 Tennessee Avenue** | ) | |
| **Kansas City, Missouri 64113** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| **OCEAN 18, LLC,** | ) | |
| **1425 University Ave, Suite D** | ) | **Division 8** |
| **San Diego, CA 92103** | ) | |
| | ) | |
| **NATIONWIDE SERVICING CENTER, INC.,** | ) | |
| **1425 University Ave, Suite D** | ) | |
| **San Diego, CA 92103** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARTIN LEIGH PC,** | ) | |
| **2405 Grand Boulevard, Suite 410** | ) | |
| **Kansas City, Missouri 64108** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR <u>PRELIMINARY INJUNCTION</u>**

Pursuant to Missouri Rule of Civil Procedure 92.02, Plaintiff Yvette Baker respectfully moves the Court for a Preliminary Injunction enjoining defendants Ocean 18, LLC, Nationwide Servicing Center, Inc., and Martin Leigh PC, a local foreclosure law firm, from proceeding with or pursuing in any further way a foreclosure on an alleged second mortgage until the merits of the pending trial have been adjudicated. Yvette Baker is seeking a Preliminary Injunctive Relief until a trial on the merits in order to prevent a wrongful foreclosure from taking place, an event that will inevitably lead to the filing of a Petition in Unlawful Detainer in order to improperly evict Mrs. Baker from her family home in Kansas City, Missouri. It is imperative that the Court maintains the status quo. If

Electronically Filed - Jackson - Kansas City - December 14, 2018 - 09:55 PM

the Court does not grant a preliminary injunction the Defendants will sell Mrs. Baker's home and damages would not make her whole because she would not be able to get her house back.

Missouri Rule of Civil Procedure 92 gives this Court authority to grant injunctive relief. When considering a motion for a preliminary injunction, a court should weigh "the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between this harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest." State ex rel. Director of Revenue v. Gabbert, 925 S.W.2d 838, 839 (Mo. 1996) (quoting Pottgen v. Missouri State High Sch. Activities Assoc., 40 F.3d 926, 928 (8th Cir. 1994)).

**I. Irreparable Harm in the form of Wrongful Foreclosure**

Mrs. Baker will suffer irreparable harm in the form of a wrongful foreclosure and a potential eviction from her family home prior to the adjudication of the pending Verified Petition for Injunction and Violations of the Missouri Merchandising and Practices Act, The harshness of Missouri's unlawful detainer procedures is well-documented. See Smith, 392 S.W.3d at 463-4; see also State of Missouri ex rel. Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2006-WF2 v. The Honorable David P. Chamberlain, 372 S.W.3d 24, 32 (Mo. Ct. App. 2012). Section 534 of Missouri's statutes deprives Plaintiff of an opportunity to set forth affirmative defenses, counterclaims or any argument addressing title or wrongful foreclosures. Unlawful detainer actions must proceed *summarily*, without tolerating disputes about the merits of a foreclosure or the legitimacy of Plaintiff's claim to legal title.

If a foreclosure sale is conducted this will likely trigger an acceleration clause in the actual primary mortgage Mrs. Baker has been paying for the past 13 years and she would be forced to pay approximately $85,000 dollars. Mrs. Baker does not have $85,000 dollars and her current first mortgage would likely foreclose. The alleged second mortgage would be extinguished and Defendants would have no lien to enforce. If this happens the Defendants walk away with no lien and Mrs. Baker loses her home and her American Dream is destroyed. In a practical sense the Defendants don't have much at stake in this situation. If the Defendants foreclose next week, they will likely walk away with no lien because the primary mortgage will likely also foreclose and will extinguished the lien of any subordinate mortgage. If the Defendant's foreclose six months from now, they will likely walk away with no lien because the primary mortgage will likely also foreclose and will extinguished the lien of any subordinate mortgage. What is undeniable is that Mrs. Baker is the devastated party in both situations and her loss is far greater than the Defendants. Mrs. Baker takes pride in the home that she has worked a significant portion of her life to own. Mrs. Baker holds a sentimental value in the home that she raised her three children in. This is not only Mrs. Baker's home but there are other people who depend on this home including her young pregnant granddaughter and what will soon be her infant great grandson.

The Bond protects Defendants so there is no actual harm to them. The Defendant is a bulk debt buyer. He buys millions of dollars worth of debt for pennies on the dollar and then they start fishing to see what they can get. This same Defendant that conspired with Mrs. Baker's past lender, GMAC Mortgage, LLC to wrongfully acquire secondary mortgages, around the same time that Mrs. Baker's secondary mortgage was allegedly

transferred, and **pled guilty** and was **sentenced to prison** is now claiming to have the right to take her home. Mrs. Baker is not a fish to be caught and this situation is to grave, harmful, and damaging to an entire family, to be taken lightly. It is imperative that the court maintains the status quo of the parties until all facts significant to the issues can be fully discovered because the magnitude of the harm to Mrs. Baker and her family is irreparable, irreversible, and a matter of fairness, equity, and justice.

## II. The Harm to Mrs. Baker Substantially Outweighs Injury Caused By Injunction (The Bond Protects the Defendant)

As stated above, there is no harm to the Defendant's because the bond protects them. Furthermore, if the Defendant's foreclose that will likely trigger a foreclosure by the primary mortgage. The primary mortgagee's foreclosure will result in the secondary mortgagee's lien being extinguished. The same lien that the Defendant's are seeking to enforce right now will be gone as soon as the primary mortgagee forecloses. The same lien that Mrs. Baker is asking the court to enjoin until the case can be decided. The Defendants are no worse off because if they foreclose now eventually their lien would be extinguished. If they are enjoined, the lien will be held until the case is decided. If they foreclose in a year the same result will happen as if they foreclosed today. Thus the injunction at most might be an annoyance but it doesn't change the likely result.

On the contrary, the harm to Mrs. Baker is irreparable and immense as described above. Her family will be displaced while her Granddaughter is pregnant. This would not only harm Mrs. Baker but also a young mother and her infant child. The injuries to the parties cannot compare. The harm of Mrs. Baker and her family becoming homeless and her losing the equity she has worked so hard to earn is far greater than a bulk debt buyer delaying one of the likely thousands of foreclosure sales it will likely conduct this year.

**III. Issuing An Injunction Serves The Public Interest**

As stated above, the Defendant in this case has pleaded guilty to conducting criminal activity to acquire secondary mortgages from banks and then seek to foreclose and extort money from unknowing consumers. Mrs. Baker's mortgages were with GMAC Mortgage LLC from around 2009 to around 2014. During this same period Defendant pleaded guilty to conspiring with a bank insider at GMAC Mortgage LLC to improperly obtain secondary mortgages. It just so happens that Defendant is now claiming to have the right to enforce Mrs. Baker's secondary mortgage and foreclose on her home.

It is in the public interest for this case to be adjudicated because there are thousands of people who have likely been the victim of the predatory tactics of this shady Defendant. It is in the public interest for all relevant facts to be discovered as to whether this is another situation in which the Defendant is fishing for easy prey. Wrongful foreclosures are not uncommon and there are thousands of people who may fall prey to this same company and they need to know that fairness, equity and justice would also be possible for them. This Defendant is not even licensed to do business in Missouri, and it is in the public interest that State protect its citizen from outside corporations that likely prey on unknowing consumers.

**IV. Mrs. Baker is likely to succeed on the merits**

Mrs. Baker is likely to succeed on the merits of her Request for Injunction, and Violations of the Missouri Merchandising and Practices claims as set forth in her Verified Petition for Injunction and Violations. Defendant has provided contradictory evidence that

it has the right to enforce the promissory note in Missouri. There are irregularities in the transfer documents that suggest discrepancies. It is likely that Mrs. Baker will be able to prove the elements of her claims.

**V. Mrs. Baker has no adequate remedy at law**

If a foreclosure is allowed to occur it would be nearly impossible for Mrs. Baker to get her home back. Her home is unique and holds sentimental value and she would never be able to get another home exactly like it. As a piece of real estate is unique by nature. Even she were to file a wrongful foreclosure claim it is very unlikely that the foreclosure would be set aside. If the Court does not maintain the status quo the harm would be detrimental and there would be no adequate remedy at law.

WHEREFORE, Plaintiff Yvette Baker prays for the following relief:

A.      Entry of an Order enjoining defendants for twenty-four (24) months or until further order of the Court enjoining from proceeding with or pursuing any further their attempt to conduct a foreclosure sale on Plaintiff's property.

B.      Entry of an Order prohibiting defendants until further order of the Court from destroying any evidence relating to the issues raised by the Verified Petition for Injunction and Violations of the Missouri Merchandising and Practices Act, including documents and electronic data and for such other or different relief as the Court deems just and proper.

Respectfully Submitted,

KESSINGER LAW FIRM, P.C.

By: *Erica D. Baker*
Erica Baker,　　#70625
James Kessinger, #42808
Luke Demaree　#54056
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2018, a copy of the above and foregoing Plaintiff's Motion for Preliminary Injunction was sent by E-Mail:

Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
gdt@martinleigh.com
Attorney for Defendants Martin Leigh PC

Jeff Haven
Mortgage Default Services, LLC
P O Box 18265
Spokane, WA 99228
Tel: (509) 325-5099
Fax: (509) 465-9397
jhavens@mdefault.com
Attorney for Defendant Ocean 18, LLC, Nationwide Servicing Center, Inc.

/s/ Erica D. Baker
Attorney for Plaintiff

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

YVETTE BAKER,                          )
                                       )
        **Plaintiff,**      )
                                       )
v.                                     )      **Case No.:**    **1816-CV32043**
                                       )      **Div.:**       **8**
OCEAN 18, LLC;                         )
NATIONWIDE SERVICING                   )
CENTER, INC.; AND                      )
MARTIN LEIGH PC,                       )
                                       )
        **Defendants.**

## DEFENDANTS' MOTION TO DISMISS

COME NOW Defendants Ocean 18, LLC; Nationwide Servicing Center, Inc.; and Martin Leigh PC pursuant to Rule 55.27(a)(6) and, for their Motion to Dismiss, state (Defendants incorporate by reference their Supporting Suggestions being filed in conjunction with this motion):

Plaintiff's Petition asserts that the Defendants violated the Missouri Merchandising Practices Act ("MMPA") by enforcing a Promissory Note and by seeking to foreclose the Deed of Trust that secures that Note. In addition to Count I's MMPA claim, Plaintiff asserts a Count II seeking injunctive relief which is premised upon Plaintiff's presumed success on the MMPA claim.

Plaintiff's Petition fails to state a claim and must be dismissed because:

- The MMPA does not apply to successor trustees under a deed of trust and that claim must be dismissed as to Martin Leigh as a matter of law (see <u>Wivell v. Wells Fargo Bank, N.A.</u>, 773 F.3d 887, 895-6 (8th Cir. 2014);

- The MMPA requires that Plaintiff allege an *ascertainable loss* and that, in the context of a debt dispute, the Plaintiff must allege that she paid more than what was owed under the Promissory Note—which she has failed to do (see <u>Cregan v. Mortgage One Corporation</u>, 2016 WL 3072395, at *4 (E.D.Mo. 2016) and

<u>Freeman Health Sys. v. Wass</u>, 124 S.W.3d 504, 508 (Mo. Ct. App. 2004));

- Plaintiff's Count II for injunctive relief is predicated upon prevailing on Count I's MMPA claim and Count II fails for the same reasons that Count I fails; and

- Defendants have a right to recover their attorneys fees under the MMPA's prevailing party clause. See R.S.Mo. 407.025.1.

WHEREFORE Defendants Ocean 18, LLC, Nationwide Servicing Center, Inc., and Martin Leigh PC request that Plaintiff's Petition be dismissed with prejudice for failing to state a claim; that Defendants be awarded their attorneys fees (R.S.Mo. 407.025.1) and costs as the prevailing party; and for such other relief as the Court deems just.

Respectfully submitted by,
MARTIN LEIGH PC

/s/ William H. Meyer_____
William H. Meyer          Mo. 42345
Gregory D. Todd           Mo. 56941
2405 Grand Blvd., Suite 410
Kansas City, MO 64108
(816) 221-1430      Phone
(816) 221-1044      Fax
whm@martinleigh.com
gdt@martinleigh.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on the parties below through the court's electronic filing system and via electronic mail on December 17, 2018:

Erica Baker
James Kessinger
Luke Demaree
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
816-436-0707          Tel.
816-436-1380          Fax.
jak4law@kc.rr.com
lad4law@kc.rr.com
edbaker@kessingerlaw.net

/s/ William H. Meyer
William H. Meyer

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

YVETTE BAKER,

         Plaintiff,

v.

OCEAN 18, LLC,

NATIONWIDE SERVICING CENTER, INC.

and

MARTIN LEIGH, PC.,

         Defendants.

Bond No. 1S1717-69

Cause No.1816-CV32043

Division No.: 8

## INJUNCTION BOND

Whereas Yvette Baker, Plaintiff has commenced an action in the above entitled court against Ocean 18 LLC, Nationwide Servicing Center, Inc., and Martin Leigh, PC, Defendants. Plaintiff has applied to that court for a Preliminary Injunction against Defendants, enjoining and restraining Defendants from the commission of certain acts, as more particularly set forth and described in the complaint filed in that action.

The Bar Plan Surety and Fidelity Company is a corporation having its principal place of business at 1717 Hidden Creek Court, St. Louis, MO 63131, incorporated under the laws of Missouri, for the purpose of making, guaranteeing and becoming surety on bonds and undertakings, and has complied with all the requirements of the laws of Missouri respecting such corporations. The Bar Plan Surety and Fidelity Company, in consideration of the issuing of the Injunction Bond, undertakes the sum of FORTY SIX THOUSAND SIX HUNDRED TWENTY TWO DOLLARS and SIXTY SIX CENTS ($46,622.66), and promises to the effect that in case the Injunction shall be issued, the Plaintiff will pay to the party enjoined such damages, not exceeding the sum of FORTY SIX THOUSAND SIX HUNDRED TWENTY TWO DOLLARS and SIXTY SIX CENTS ($46,622.66), as that party may sustain by reason of the Injunction, if the court finally decides that the Plaintiffs are not entitled to that injunction.

Sealed with our seals and dated at St. Louis, Missouri, this 14th day of December, 2018.

By: _____
        Yvette Baker, Principal

**The Bar Plan Surety and Fidelity Company**
                             Surety

Approved this _____ day of _____, 20___.

_____
                            Attorney in Fact

_____
Judge

                                Agent

# ACKNOWLEDGMENT OF PRINCIPAL

STATE OF KANSAS

COUNTY OF JOHNSON } SS

Now on this 17TH day of DECEMBER, 2018, personally appeared before me in the county and state aforesaid, **Yvette Baker**, to me personally known as the person described in and who executed the foregoing bond as principal and acknowledge that she executed the same as her free act and deed for the uses and purposes therein mentioned.

IN TESTIMONY WHEREOF, I hereto sign my name and affix my seal in the state and aforesaid, this 17th day of DECEMBER, 2018.



(Notary Seal)
Notary Commission expires: 7·19·20

_____
Notary Public

# ACKNOWLEDGMENT OF CORPORATE SURETY

STATE OF MISSOURI

COUNTY OF ST. LOUIS } SS

Now on this 14th day of December, 2018, personally appeared before me in the county and state aforesaid **Alison Masucci**, Attorney in fact, to me personally known as the person described in and who executed the foregoing bond on behalf of The Bar Plan Surety and Fidelity Company and acknowledged that she executed the same as her free act and deed for the uses and purposes therein mentioned.

IN TESTIMONY WHEREOF, I hereto sign my name and affix my seal in the state and county aforesaid, this 14th day of December 2018.

(Notary Seal)

Notary Commission expires:

_____
Notary Public

DEBORAH J ELLER
Notary Public, Notary Seal
State of Missouri
Franklin County
Commission # 15394426
My Commission Expires 06-10-2019

# The Bar Plan Surety and Fidelity Company

Home Office: St. Louis, MO 63131

## POWER OF ATTORNEY

Know All Men By These Presents:

That The Bar Plan Surety and Fidelity Company, (hereinafter called the "Company") a corporation organized and existing under the laws of the State of Missouri and having its principal office in St. Louis, Missouri, does hereby appoint

### ***** Alison M. Masucci of Missouri *****

its true and lawful agent(s) and attorney(s)-in-fact, to make, execute, seal, and deliver during the period beginning with the date of issuance of this power and ending on the date specified below, unless sooner revoked for and on its behalf as surety, and as its act and deed:

Any and all bonds and undertakings provided the amount of no one bond or undertaking exceeds
*********** **FORTY-SIX THOUSAND SIX HUNDRED TWENTY-TWO DOLLARS AND SIXTY-SIX CENTS** ************

EXCEPTION: NO AUTHORITY is granted to make, execute, seal and deliver any bond or undertaking which guarantees the payment or collection of any promissory note, check, draft or letter of credit.

This authority does not permit the same obligation to be split into two or more bonds in order to bring each such bond within the dollar limit of authority as set forth herein.

This appointment may be revoked at any time by the Company.

The execution of such bonds and undertakings in pursuance of these presents shall be as binding upon the said Company as fully and amply to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office in St. Louis, Missouri.

THIS APPOINTMENT SHALL CEASE AND TERMINATE WITHOUT NOTICE AS OF December 31, 2025.

This Power of Attorney is executed by authority of a resolution adopted by the Board of Directors of the Company on September 25, 1998 at St. Louis, Missouri, a true and accurate copy of which are hereinafter set forth and is hereby certified to by the undersigned Secretary as being in full force and effect:

"VOTED, That the Chairman of the Board, the President, or any Vice President, or their appointees designated in writing and filed with the Secretary, or the Secretary shall have the power and authority to appoint agents and attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings, obligatory in the nature thereof, and any such officers of the Company may appoint agents for acceptance of process."

This Power of Attorney is signed, sealed and certified by facsimile under and by authority of the following resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 25th day of September, 1998:

"VOTED, That the signature of the Chairman of the Board, the President, any Vice President, or their appointees designated in writing and filed with the Secretary, and the signature of the Secretary, the seal of the Company, and certifications by the Secretary, may be affixed by facsimile on any power of attorney or bond executed pursuant to resolution adopted by the Board of Directors on September 25th, 1998 and any such power so executed, sealed and certified with respect to any bond or undertaking to which it is attached, shall continue to be a valid and binding upon the Company."

In Testimony Whereof, The Bar Plan Surety and Fidelity Company has caused this instrument to be signed and its corporate seal to be affixed by its authorized officers, this April 14, 2016.

Attested:

The Bar Plan Surety and Fidelity Company

SEAL

| John Gunn, Chairman of the Board | by | Karen R. McCarthy, President |

STATE OF MISSOURI

       SS

COUNTY OF ST. LOUIS

I, Tracy Britt, a Notary Public, do hereby certify that Karen R. McCarthy and John Gunn personally known to me to be the same persons whose names are respectively as President and Chairman of the Board of The Bar Plan Surety and Fidelity Company, a Corporation organized and existing under the laws of the State of Missouri, subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that they being thereunto duly authorized signed, sealed with the corporate seal and delivered the said instrument as the free and voluntary act of said corporation and as their own free and voluntary act for the uses and purposes therein set forth.

TRACY BRITT
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 14394698
My Commission Expires 08-09-2022

My commission expires August 9, 2022.

_____
Tracy Britt, Notary Public

CERTIFICATION

I, Phillip D. Fraim, Secretary of The Bar Plan Surety and Fidelity Company, do hereby certify that the attached Power of Attorney dated April 14, 2016 on behalf of the person(s) as listed above is a true and correct copy and that the same has been in full force and effect since the date of this certificate; and I do further certify that the said Karen R. McCarthy and John Gunn, who executed the Power of Attorney as President and Chairman of the Board respectively were on the date of the execution of the attached Power of Attorney the duly elected President and Chairman of the Board of The Bar Plan Surety and Fidelity Company.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of The Bar Plan Surety and Fidelity Company on this 14th day of December, 2018.



_____
Phillip D. Fraim, Secretary

This Power of Attorney limits the acts of those named therein to the bonds and undertakings specifically named therein and they have no authority to bind the Company except in the manner and to the extent herein stated.

Electronically Filed - Jackson - Kansas City - December 19, 2018 - 03:34 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| **8926 Tennessee Avenue** | ) | |
| **Kansas City, Missouri 64113** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| **OCEAN 18, LLC,** | ) | |
| **1425 University Ave, Suite D** | ) | **Division 8** |
| **San Diego, CA 92103** | ) | |
| | ) | |
| **NATIONWIDE SERVICING CENTER, INC.,** | ) | |
| **1425 University Ave, Suite D** | ) | |
| **San Diego, CA 92103** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARTIN LEIGH PC,** | ) | |
| **2405 Grand Boulevard, Suite 410** | ) | |
| **Kansas City, Missouri 64108** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S APPLICATION FOR CHANGE OF JUDGE

Pursuant to Supreme Court Rule 51.05, Plaintiff files this Application for Change of Judge. in support of this application Plaintiff states as follows:

1.      This application is filed within 30 days from the designation of the trial judge.

2.      Plaintiff has not filed any previous application for change of judge in this case.

3.      The parties have not stipulated to a new judge. Plaintiff therefore requests that the Court notify the presiding judge of the change and request that a new judge be assigned.

4.      A copy of this application has been served on all parties, providing notice that the application has been presented to the Court.

Respectfully submitted,

KESSINGER LAW FIRM, P.C.

By: ___/s/Erica D. Baker_____
   James A. Kessinger     #42808
   Luke A. Demaree     #54056
   Erica D. Baker     #70625
   200 NW Englewood Road, Suite B
   Kansas City, Missouri 64118
   Telephone: (816) 436-0707
   ***Attorneys For Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 19th day of December, 2018, a true and accurate copy of the foregoing was emailed to the following:

William H. Meyer
2405 Grand Blvd., Suite 410
Kansas City, MO 64108
(816) 221-1430 Phone
(816)221-1044Fax
whm@martinleigh.com
COUNSEL FOR DEFENDANTS


Gregory D. Todd
2405 Grand Blvd., Suite 410
Kansas City, MO 64108
(816) 221-1430 Phone
(816)221-1044Fax
gdt@martinleigh.com
COUNSEL FOR DEFENDANTS

                                          */s/Erica D. Baker*_____
                                          Attorney for Plaintiff

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

## YVETTE C BAKER V OCEAN 18, LLC ET AL

CASE NO: **1816-CV32043**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL ☐ CRIMINAL ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge ☐ Recusal ☐ Certification ☐ Request for Jury
☐ Change of Venue to _____ ☐ Reciprocal Case ☐ Other _____

☐ By agreement of the Judges, this cause is transferred directly to Division _____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division _____ in exchange for Case # _____.

## CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.

| | |
|---|---|
| DECEMBER 20, 2018 | |
| DATE | JUDGE |

## ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division _____ pursuant to Circuit Court Rule.

☐ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

| | |
|---|---|
| DATE | JUDGE |

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____.

GREGORY DAVID TODD, Attorney for Defendant, 2405 GRAND BLVD, SUITE 410, KANSAS CITY, MO 65108 -, gjt@martinleigh.com
ERICA DENISE BAKER, Attorney for Plaintiff, 200 NORTHWEST ENGLEWOOD ROAD, SUITE B, KANSAS CITY, MO 64118
-,
Data Entry Copy

RECEIVING JAA: _____

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **YVETTE BAKER,**<br>**8926 Tennessee Avenue**<br>**Kansas City, Missouri 64113** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 1816-CV32043** |
| **OCEAN 18, LLC,**<br>**1425 University Ave, Suite D**<br>**San Diego, CA 92103** | ) ) ) ) | **Division 8** |
| **NATIONWIDE SERVICING CENTER, INC.,**<br>**1425 University Ave, Suite D**<br>**San Diego, CA 92103** | ) ) ) ) | |
| **and** | ) ) | |
| **MARTIN LEIGH PC,**<br>**2405 Grand Boulevard, Suite 410**<br>**Kansas City, Missouri 64108** | ) ) ) ) | |
| **Defendants.** | ) | |

### ORDER

**NOW** on this 20th day of December 2018, the Court takes up Plaintiff's Application for

Change of Judge, pursuant to Supreme Court Rule 51.05, the Court hereby GRANTS Plaintiff's

Application, and the case is hereby remanded back to the Presiding Judge for reassignment.

SO ORDERD.

_12-20/18_
Date

_____
Judge

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

YVETTE BAKER,                          )
                                       )
       **Plaintiff,**              )
v.                                     )
                                       )          **Case No. 1816-CV32043**
                                       )
OCEAN 18, LLC,                         )
                                       )          **Division 15**
      **Defendants.**             )

<u>**ENTRY OF APPEARANCE**</u>

     Gregory Leyh and the law firm of Gregory Leyh, P.C. hereby enter their

appearance as lead counsel on behalf of plaintiff Yvette Baker in this case.

Dated:  December 21, 2018

                              RESPECTFULLY SUBMITTED,

                              GREGORY LEYH, P.C.

                              <u>/s/ Gregory Leyh</u>
                              Gregory Leyh, #42283
                              Gregory Leyh, P.C.
                              104 N.E. 72nd Street, Suite A
                              Gladstone, Missouri  64118
                              (816) 283-3380 Phone
                              (816) 283-0489 Fax
                              gleyh@leyhlaw.com

                              James Kessinger, #42808
                              Luke Demaree    #54056
                              Erica Baker,        #70625
                              KESSINGER LAW FIRM, P.C.
                              200 NW Englewood Road, Suite B
                              Kansas City, Missouri 64118
                              (816) 436-0707 [phone]
                              (816) 436-1380 [fax]
                              Jak4law@kc.rr.com
                              Lad4law@kc.rr.com
                              edbaker@kessingerlaw.net
                              ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - December 21, 2018 - 02:33 PM

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 21st day of December, 2018, a copy of the above and foregoing Entry of Appearance was sent by ECF Notification to:

William H. Meyer
Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
Attorney for Defendants


/s/ Gregory Leyh
Attorney for Plaintiff

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**YVETTE C BAKER V OCEAN 18, LLC ET AL**

CASE NO: **1816-CV32043**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL ☐ CRIMINAL ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge    ☐ Recusal    ☐ Certification    ☐ Request for Jury

☐ Change of Venue to _____    ☐ Reciprocal Case    ☐ Other _____

☐ By agreement of the Judges, this cause is transferred directly to Division _____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division _____ in exchange for Case # _____.

### CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.

| | |
|---|---|
| DECEMBER 20, 2018 | |
| DATE | JUDGE |

## ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division **15** pursuant to Circuit Court Rule.

☒ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

| | |
|---|---|
| 21-Dec-2018 | |
| DATE | JUDGE |

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on ___21-Dec-2018___.

GREGORY DAVID TODD, Attorney for Defendant, 2405 GRAND BLVD, SUITE 410, KANSAS CITY, MO 65108
-, gjt@martinleigh.com
ERICA DENISE BAKER, Attorney for Plaintiff, 200 NORTHWEST ENGLEWOOD ROAD, SUITE B, KANSAS CITY, MO 64118
-,
Data Entry Copy

RECEIVING JAA: _____

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| 8926 Tennessee Avenue | ) | |
| Kansas City, Missouri 64113 | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1816-CV32043 |
| OCEAN 18, LLC, | ) | |
| 1425 University Ave, Suite D | ) | Division 15 |
| San Diego, CA  92103 | ) | |
| | ) | |
| NATIONWIDE SERVICING CENTER, INC., | ) | |
| 1425 University Ave, Suite D | ) | |
| San Diego, CA  92103 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARTIN LEIGH PC, | ) | |
| 2405 Grand Boulevard, Suite 410 | ) | |
| Kansas City, Missouri 64108 | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**
**DIVISION 15**
**21-Dec-2018   17:02**
CIRCUIT COURT OF JACKSON COUNTY, MO
BY

## PRELIMINARY INJUNCTION ORDER

Before the Court is Plaintiff's Motion for Preliminary Injunction. The Plaintiff's motion was called for disposition before the Court at the Preliminary Injunction Hearing which was held December 21, 2018 at 12:30 pm. Counsel for both Plaintiff and Defendants, Ocean 18, LLC, Nationwide Servicing Center, Inc., and Martin Leigh, PC appeared. All Defendants consented to entry of this Preliminary Injunction Order. After considering the Motion, it is hereby

ORDERED that Defendants Ocean 18, LLC, Nationwide Servicing Center, Inc. and Martin Leigh PC, and Defendants' respective employees, servants, attorneys, and all persons in active concert or participation with any of the aforementioned persons or

entities, are hereby stayed, enjoined and restrained from taking any further steps to foreclose upon Plaintiff's home located at 8926 Tennessee Avenue, Kansas City, Missouri 64138 until the further Order of this Court. The bond previously posted by the Plaintiff shall remain in place until further Order of this Court.

It is further ordered that matter will be set for a case management conference on April 1, 2019, at 9:00 a.m.

DATED:  December 21, 2018

_____
JUDGE

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| | ) | |
| **OCEAN 18, LLC,** | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME
O FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Yvette Baker, by and through her attorney, respectfully requests a fourteen-day (14) day extension of time to file her response to defendants' Motion to Dismiss.

1.      Defendants Ocean 18, LLC,  Nationwide Servicing Center, Inc. and Martin Leigh PC filed their Motion to Dismiss on December 17, 2018.

2.      Plaintiff Yvette Baker's response to defendants' Motion to Dismiss is due on December 28, 2018.

3.      On December 26, 2018, the undersigned contacted counsel for defendants requesting an extension of fourteen days to file plaintiff's response to defendant's Motion to Dismiss.  Counsel for defendants does not object to plaintiff's request for an extension of fourteen days to file her response to defendants' Motion to Dismiss.

4.      No prior extensions have been requested as to plaintiff's response to defendants' Motion to Dismiss.  Due to the holiday season, plaintiff requests additional time to respond to defendants' Motion to Dismiss.  Defendants will not be prejudiced by

Electronically Filed - Jackson - Kansas City - December 28, 2018 - 04:09 PM

the requested extension, and the extension of time is not sought for the purpose of delay or harassment and will serve the interests of justice.

5.     This request for extension of time is not sought for any improper purpose and, if granted, will streamline the litigation, avoid unnecessary filings, and keep plaintiff's expenditure of fees and costs to a minimum.

WHEREFORE, for the reasons set forth above, plaintiff Yvette Baker requests an extension of time of fourteen days, or up to and including January 11, 2019, to file her response to defendants' Motion to Dismiss.  A proposed Order has been supplied.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri  64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com

James Kessinger, #42808
Luke Demaree,    #54056
Erica Baker,         #70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
Jak4law@kc.rr.com
Lad4law@kc.rr.com
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - December 28, 2018 - 04:09 PM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of December, 2018, a copy of the above and foregoing Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendants' Motion to Dismiss was sent by ECF Notification to:

William H. Meyer
Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
Attorney for Defendants


/s/ Gregory Leyh
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| **YVETTE BAKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 1816-CV32043** |
| ) | |
| **OCEAN 18, LLC,** ) | |
| ) | **Division 15** |
| **Defendants.** ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendants' Motion to Dismiss.  After considering the motion, it is hereby

**ORDERED** that Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendants' Motion to Dismiss, up to and including January 11, 2019, is **GRANTED**.

DATED:  _____

_____
THE HONORABLE JALILAH OTTO

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| | ) | |
| **OCEAN 18, LLC,** | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendants' Motion to Dismiss. After considering the motion, it is hereby

**ORDERED** that Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendants' Motion to Dismiss, up to and including January 11, 2019, is **GRANTED**.

DATED: ___January 7, 2019___

_____
THE HONORABLE JALILAH OTTO

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| | ) | |
| **OCEAN 18, LLC, et al.,** | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

<u>**ORDER**</u>

The Plaintiff having filed her Motion for Leave to File First Amended Verified Petition for Violations of the Missouri Merchandising Practices Act, and the Court having reviewed the record,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Verified Petition for Violations of the Missouri Merchandising Practices Act is **GRANTED**.

**IT IS ALSO HEREBY ORDERED** that Plaintiff's First Amended Verified Petition for Violations of the Missouri Merchandising Practices Act attached as Exhibit A to the Motion for Leave shall be deemed filed as of the date of this Order.

DATED: _____

_____
THE HONORABLE JALILAH OTTO

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | | |
|---|---|---|---|
| **YVETTE BAKER,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | **Case No.:** | **1816-CV32043** |
| | ) | **Div.:** | **8** |
| **OCEAN 18, LLC;** | ) | | |
| **NATIONWIDE SERVICING** | ) | | |
| **CENTER, INC.; AND** | ) | | |
| **MARTIN LEIGH PC,** | ) | | |
| | | | |
| **Defendants.** | | | |

**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND TO
<u>PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS</u>**

COME NOW Defendants Ocean 18, LLC; Nationwide Servicing Center, Inc.; and Martin

Leigh PC pursuant to Rule 55.27(a)(6) and, for their Suggestions in Opposition to Plaintiff's

Motion to Amend and to Plaintiff's Response to the Motion to Dismiss, state:

Defendants' Motion to Dismiss was filed on December 17, 2018 because Plaintiff has

failed to state colorable Missouri Merchandising Practices Act ("MMPA") claim against any of

the Defendants because the MMPA does not apply to successor trustees under a deed of trust (such

as Defendant Martin Leigh) as a matter of law and to state a claim for an MMPA violation the

Plaintiff must allege that she paid more than owed on the debt (which Plaintiff has failed to allege).

Plaintiff's Response to the Motion to Dismiss was due on December 27, 2018. By

agreement, Plaintiff was permitted until January 11, 2019 to file a response to the Motion to

Dismiss. Instead of filing a substantive Response, Plaintiff suggests that she be permitted to file

an Amended Petition that she claims "moots" the pending Motion to Dismiss. However, Plaintiff's

proposed Amended Petition only asserts MMPA claims which, as explained in Defendants' pending Motion to Dismiss, are not colorable.

Plaintiff cannot be permitted to avoid a ruling on Defendants' pending Motion to Dismiss by essentially repackaging the MMPA claims already asserted in the Petition into MMPA claims to be asserted into a First Amended Petition. As already briefed in Defendant's Motion to Dismiss (*and to which Plaintiff failed to substantively respond despite having been permitted additional time*), Plaintiff has failed to state a claim under the MMPA against any of the Defendants.

WHEREFORE Defendants Ocean 18, LLC, Nationwide Servicing Center, Inc., and Martin Leigh PC request that their Motion to Dismiss Plaintiff's Petition and MMPA claims be granted, that all relief requested by Plaintiff be denied including Plaintiff's Motion to file an Amended Petition, and that the Court award Defendants their attorneys' fees incurred in defending themselves against this lawsuit pursuant to the MMPA's prevailing party provision set forth in R.S.Mo. 407.025.1.

Respectfully submitted by,
MARTIN LEIGH PC

/s/ William H. Meyer_____
William H. Meyer          Mo. 42345
Gregory D. Todd           Mo. 56941
2405 Grand Blvd., Suite 410
Kansas City, MO 64108
(816) 221-1430      Phone
(816) 221-1044      Fax
whm@martinleigh.com
gdt@martinleigh.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on the parties below through the court's electronic filing system and via electronic mail on January 22, 2019:

Erica Baker

Electronically Filed - Jackson - Kansas City - January 22, 2019 - 09:04 AM

James Kessinger
Luke Demaree
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
816-436-0707          Tel.
816-436-1380          Fax.
jak4law@kc.rr.com
lad4law@kc.rr.com
edbaker@kessingerlaw.net

Gregory Leyh
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, MO 64118
(816) 283-3380          T
(816) 283-0489          F
gleyh@leyhlaw.com

/s/ William H. Meyer
William H. Meyer

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **Case No. 1816-CV32043** |
| | ) | |
| OCEAN 18, LLC, et al., | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO AMEND PETITION**

Plaintiff submits the following Reply in Support of her Motion for Leave to Amend Petition.

**I.      MARTIN LEIGH'S MOTION TO DISMISS IS DIRECTED AT THE ORIGINAL PETITION, NOT THE PROPOSED AMENDED PETITION**

Three days after the Court's entry of a TRO on December 14, 2018, the trio of defendants ("Martin Leigh") filed a Motion to Dismiss the original Petition. On December 19, 2018, plaintiff disqualified Judge Rounds and the case was transferred to Division 15.

Plaintiff then retained new co-counsel to assist with the litigation and, on January 11, 2019, plaintiff filed her Motion for Leave to File A First Amended Petition. The First Amended Petition is substantially different from the original Petition filed in this case, including by adding a class action claim against Martin Leigh. Plaintiff submits that there is no point in responding to Martin Leigh's Motion to Dismiss the original Petition *if* the Court permits the First Amended Petition to be filed.

## II. THE COURT SHOULD GRANT LEAVE TO FILE THE FIRST AMENDED PETITION

Rule 55.33's underlying purpose is for courts to have the broad discretion to liberally allow pleadings to be amended when justice so requires. Southwestern Bell Yellow Pages, Inc. v. Wilkins, 920 S.W.2d 544, 550 (Mo. Ct. App. 1996). Especially early in a case and before discovery has taken place, leave to amend a Petition should be freely given. See Mo. Sup. Ct. R. 55.33(a); see also Green v. City of St. Louis, 870 S.W.2d 794, 797 (Mo. banc 1994). Factors to consider whether to allow leave to file an amendment are: i) hardship to the moving party if leave to amend is not granted; ii) the reasons for failure to include any new matter in earlier pleadings; iii) timeliness of the application; iv) whether the amendment could cure the inadequacy of the moving party's pleading; and v) the injustice resulting to the party opposing the motion should it be granted. Manzer v. Sanchez, 985 S.W.2d 936, 939 (Mo. Ct. App. 1999).

In this case, no scheduling order has been filed. A case management conference is scheduled for April 1, 2019. No discovery has taken place. The proposed amended Petition was filed immediately after new co-counsel was retained. Therefore, permitting plaintiff to amend her petition would not be prejudicial to any party. After all, Martin Leigh may still file a Motion to Dismiss the Amended Petition. Granting leave to allow Plaintiff to file her First Amended Petition will also serve the interest of judicial economy by focusing the case on those issues plaintiff considers meritorious. Further, granting leave will obviate the need to litigate abandoned or revised claims.

Plaintiff's proposed First Amended Verified Petition supplements factual allegations pleaded in the original Verified Petition with additional facts, and includes a new cause of action for Violations of the Missouri Merchandising Practices Act against

all three defendants (Count II) arising from discovery of additional facts and evidence since the filing of the original Petition.  Plaintiff also asserted a new class-wide cause of action for Violations of the Missouri Merchandising Practices Act against defendant Martin Leigh (Class Action Count III) arising from discovery of additional facts and evidence since the filing of the original Petition.  No new defendant has been added to the proposed First Amended Verified Petition.

### III.     MARTIN LEIGH ARGUES FOR AN INCONGRUOUS RESULT

Martin Leigh's Suggestions in Opposition to the Motion for Leave to Amend provides no objection whatsoever to the request for leave to amend.  Instead, Martin Leigh asserts that Baker should be required to respond more fully to the Motion to Dismiss *the original Petition*, notwithstanding that an Order granting leave to amend will mean that the original Petition has been superseded.  There is no constructive reason to respond to a Motion to Dismiss a Petition that has subsequently been amended.

Defendants are, of course, free to file a Motion to Dismiss the Amended Petition, in the event that leave is granted.  If the Court grants leave to amend and defendants file a Motion to Dismiss the amended Petition, plaintiff will address whatever MMPA or other arguments are made in the second Motion to Dismiss.

In the unlikely event that leave to amend is denied, then plaintiff will file her response to the Motion to Dismiss the original Petition within the time permitted by the Court.  However, it is incongruous for a party to respond to a Motion to Dismiss a superseded pleading.  Defendants offer no authority for such a requirement.  The Court and the parties all have better things to do than litigate the merit of pleadings that have been amended.

WHEREFORE, plaintiff Yvette Baker requests that this Court grant her leave to file her First Amended Petition for Violations of the Missouri Merchandising Practices Act (Counts I and II) against all three defendants and Violations of the Missouri Merchandising Practices Act (Class Action Count III) against defendant Martin Leigh, a copy of which is attached to the Motion for Leave to Amend the Verified Petition as Exhibit A or, in the alternative, an extension of time to file a response to defendants' Motion to Dismiss fourteen days from the date of this Court's Order.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri 64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com

James Kessinger, #42808
Luke Demaree, #54056
Erica Baker, #70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
Jak4law@kc.rr.com
Lad4law@kc.rr.com
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2019, a copy of the above and foregoing Plaintiff's Reply in Support of Motion for Leave to File First Amended Petition was sent by ECF Notification to:

William H. Meyer
Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
Attorney for Defendants

/s/ Gregory Leyh
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | | |
|---|---|---|---|
| YVETTE BAKER, | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| v. | ) | **Case No.:** | **1816-CV32043** |
| | ) | **Div.:** | **8** |
| OCEAN 18, LLC; | ) | | |
| NATIONWIDE SERVICING | ) | | |
| CENTER, INC.; AND | ) | | |
| MARTIN LEIGH PC, | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

**DEFENDANT OCEAN 18 LLC'S NOTICE OF
<u>NOTICE OF REMOVAL TO FEDERAL COURT</u>**

PLEASE TAKE NOTICE that Defendant Ocean 18, LLC filed a Notice of Removal to Federal Court of this civil action in the United States District Court for the Western District of Missouri. A true and correct copy of the Notice of Removal to Federal Court is attached as attached as **<u>Exhibit 1</u>**.

Pursuant to 28 USC § 1446(d), the filing of the removal notice int the United States District Court "shall effect removal," and the State Court "shall proceed no further unless and until the case is remanded" to it by the United States District Court.

WHEREFORE Defendant Ocean 18, LLC requests, pursuant to 28 USC § 1446(d), that this Court proceed no further in this civil action unless and until the case is remanded by the United States District Court

Respectfully submitted by,
MARTIN LEIGH PC

/s/ William H. Meyer_____
William H. Meyer          Mo. 42345
Gregory D. Todd           Mo. 56941
2405 Grand Blvd., Suite 410

1

Kansas City, MO 64108
(816) 221-1430        Phone
(816) 221-1044        Fax
whm@martinleigh.com
gdt@martinleigh.com
COUNSEL FOR DEFENDANTS
OCEAN 18, LLC; NATIONWIDE SERVICING
CENTER, INC. AND MARTIN LEIGH PC

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on the parties below through the court's electronic filing system and via electronic mail on February 5, 2019:

Gregory Leyh          Mo. 42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite I
Gladstone, MO 64118
(816) 283-3380  Phone
(816) 283-0489  Fax
gleyh@leyhlaw.com

and

James Kessinger        Mo. 42808
Luke Demaree          Mo. 54056
Erica Baker            Mo. 70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, MO 64118
(816) 436-0707  Phone
(816) 436-1380  Fax
Jak4law@kc.rr.com
Lad4law@kc.rr.com
edbaker@kessingerlaw.net

*Attorneys for Plaintiff*

/s/ William H. Meyer
William H. Meyer

2

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:     1816-CV32043 |
| | ) | |
| OCEAN 18, LLC, et al., | ) | Division 15 |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO
ANSWER, OBJECT, OR OTHERWISE RESPOND TO PLAINTIFF'S FIRST
AMENDED PETITION**

COME NOW Defendants Ocean 18, LLC, Nationwide Servicing Center, Inc. and Martin Leigh PC, (hereinafter collectively referred to as "Defendants"), and for their Motion for Enlargement of Time to Answer, Object, or Otherwise Respond to Plaintiff's First Amended Petition, state:

1.      Plaintiff's First Amended Petition was filed on July 2, 2019.

2.      Plaintiff's First Amended Petition seeks a class action claim against Defendant Martin Leigh PC. Paragraph 79 of Plaintiff's First Amended Petition alleges that the amount in controversy does not exceed $5,000,000.00. Due to the significant amount of potential damages alleged as part of the class action claim, Defendant Martin Leigh PC needs additional time to investigate this matter in order to answer, object, or otherwise respond to Plaintiff's First Amended Petition.

3.      In addition, one or more of the Defendants may be seeking alternate counsel due to the allegations contained in Plaintiff's First Amended Petition. As such, the respective Defendants require additional time to engage alternate counsel and to allow additional time for alternate counsel to answer, object, or otherwise respond to Plaintiff's First Amended Petition.

4.     Pursuant to Missouri Rule of Civil Procedure 55.33 (a), utilizing the most conservative approach, Defendants currently have until July 12, 2019 to file an answer, object, or otherwise respond to the Plaintiff's First Amended Petition.

5.     Defendants request until and including August 12, 2019 to answer, object, or otherwise respond to Plaintiff's First Amended Petition.

6.     Counsel for Defendants has conferred with Counsel for Plaintiff who has consented to allow Defendants until and including August 12, 2019 to answer, object, or otherwise respond to Plaintiff's First Amended Petition.

7.     Counsel certifies by the signature below that this motion is not intended to unnecessarily delay these proceedings or for any other improper purpose.

WHEREFORE Defendants respectfully request the Court's order permitting Defendants until and including August 12, 2019 to answer, object, or otherwise respond to Plaintiff's First Amended Petition, and for such other relief as the Court deems just.

Respectfully submitted,

MARTIN LEIGH PC

By:     /s/Thomas J. Fritzlen, Jr.
        Thomas J. Fritzlen, Jr.        MO# 34653
        2405 Grand Blvd., Suite 410
        Kansas City, MO 64108-2577
        T:      816-221-1430
        F:      816-221-1044
        E:      tjf@martinleigh.com
        *Attorney for Defendants*

Electronically Filed - Jackson - Kansas City - July 10, 2019 - 08:48 AM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of July 2019, a copy of the foregoing was filed electronically and was served on all parties of interest receiving electronic notices in the above-captioned proceedings through the Court's CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/Thomas J. Fritzlen, Jr.
*Attorney for Defendants*

Electronically Filed - Jackson - Kansas City - April 25, 2019 - 10:01 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **Case No. 1816-CV32043** |
| OCEAN 18, LLC, et al., | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

**WITHDRAWAL OF MOTION FOR LEAVE TO AMEND PETITION**
**FILED ON JANUARY 11, 2019**

PLEASE TAKE NOTICE that plaintiff Yvette Baker withdraws her Motion for

Leave to File First Amended Petition filed on January 11, 2019, and will file a further

responsive pleading shortly.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri 64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com

James Kessinger, #42808
Luke Demaree,    #54056
Erica Baker,        #70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
Jak4law@kc.rr.com
Lad4law@kc.rr.com
Edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2019, a copy of the above and foregoing Withdrawal of Plaintiff's Motion for Leave to File First Amended Petition Filed on January 11, 2019 was sent by ECF Notification to:

William H. Meyer
Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
Attorney for Defendants

/s/ Gregory Leyh
Attorney for Plaintiff

2

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **Case No. 1816-CV32043** |
| | ) | |
| OCEAN 18, LLC, et al., | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION
OR, IN THE ALTERNATIVE, REQUEST FOR ADDITIONAL TIME
TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

Pursuant to Missouri Rule of Civil Procedure 55.33(a), plaintiff Yvette Baker, by and through her attorneys of record, moves the Court for leave to file her First Amended Petition for Violations of the Missouri Merchandising Practices Act (Counts I and II) against all three defendants and Violations of the Missouri Merchandising Practices Act (Class Action Count III) against defendant Martin Leigh, a copy of which is attached to this Motion as Exhibit A, and in support state as follows:

1. Plaintiff filed her Petition for Violations of the Missouri Merchandising Practices Act (Count I) and Request for Injunction (Count II) against defendants Ocean 18, LLC, Nationwide Servicing Center, Inc. and Martin Leigh P.C. on December 11, 2018.

2. After an evidentiary hearing, a Temporary Restraining Order was entered on December 13, 2018. Judge Round also set a bond in the amount of $46,622.66.

3. Plaintiff posted her bond in the amount of $46,622.66 on December 17, 2018.

4.      Defendants filed a Motion to Dismiss on December 17, 2018.

5.      On December 19, 2018, plaintiff filed her Application for Change of Judge.

6.      On December 21, 2018, this case was transferred to Division 15 before the Honorable Jalilah Otto.  Subsequently, a preliminary injunction hearing was immediately scheduled for 12:30 p.m. that same day.

7.      On December 21, 2018, the parties and their attorneys appeared at the preliminary injunction hearing at 12:30 p.m.  The undersigned entered his appearance that afternoon.

8.      On December 21, 2018, this Court entered a Preliminary Injunction Order and all three defendants consented to the entry of the Preliminary Injunction Order.

9.      On December 28, 2018, plaintiff filed an Unopposed Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss.

10.      On January 7, 2019, this Court granted Plaintiff's Unopposed Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss up to and including January 11, 2019 to file a responsive pleading.

11.      On January 11, 2019, plaintiff filed her Plaintiff's Motion for Leave to File First Amended Petition Or, In the Alternative, Request for Extension of Time to File Response to Defendants' Motion to Dismiss.

12.      On February 5, 2019, defendant Ocean 18 filed its notice of removal and removed the case to the United States District Court – Western District of Missouri – Western Division.

13.     On April 23, 2019, Judge Bough remanded the case back to the Circuit Court of Jackson County – Kansas City.

14.     On April 25, 2019, plaintiff withdrew her previously filed Plaintiff's Motion for Leave to File First Amended Petition filed on January 11, 2019.

15.     Supreme Court Rule 55.33(a) provides that leave of court to file an amended pleading "shall be freely given when justice so requires."  See Green v. City of St. Louis, 878 S.W. 2d 794, 797 (Mo. banc 1994).  In this case, defendants will not suffer any prejudice from granting the motion for leave to amend.

16.     There is a new cause of action for Violations of the Missouri Merchandising Practices Act against all three defendants (Count II) arising from discovery of additional facts and evidence since the filing of the original Petition.

17.     There is also a new class-wide cause of action for Violations of the Missouri Merchandising Practices Act against defendant Martin Leigh (Class Action Count III) arising from discovery of additional facts and evidence since the filing of the original Petition.

18.     Plaintiff withdrew her previous original claim of Injunction (Count II).

19.     One prior request to amend the petition has been requested but was subsequently withdrawn on April 25, 2019.

20.     If this Court denies Plaintiff's Motion for Leave to Amend Petition, plaintiff requests an additional fourteen (14) days to file a response to defendants' Motion to Dismiss from the date of the Court's Order.

21.     A proposed Order is attached.

WHEREFORE, plaintiff Yvette Baker requests that this Court grant her leave to file her First Amended Petition for Violations of the Missouri Merchandising Practices Act (Counts I and II) against all three defendants and Violations of the Missouri Merchandising Practices Act (State-Wide Class Action Count III) against defendant Martin Leigh, a copy of which is attached to this Motion as Exhibit A or, in the alternative, an extension of time to file a response to defendants' Motion to Dismiss fourteen days from the date of this Court's Order.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri  64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com

James Kessinger, #42808
Luke Demaree,    #54056
Erica Baker,        #70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
Jak4law@kc.rr.com
Lad4law@kc.rr.com
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - May 02, 2019 - 03:22 PM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of May, 2019, a copy of the above and foregoing Plaintiff's Motion for Leave to File First Amended Petition Or, In the Alternative, Request for Extension of Time to File Response to Defendants' Motion to Dismiss was sent by ECF Notification to:

William H. Meyer
Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
Attorney for Defendants

/s/ Gregory Leyh
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **YVETTE BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| | ) | |
| **OCEAN 18, LLC, et al.,** | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

<u>**ORDER**</u>

The Plaintiff having filed her Motion for Leave to File First Amended Petition for Violations of the Missouri Merchandising Practices Act, and the Court having reviewed the record,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Petition for Violations of the Missouri Merchandising Practices Act is **GRANTED**.

**IT IS ALSO HEREBY ORDERED** that Plaintiff's First Amended Petition for Violations of the Missouri Merchandising Practices Act attached as Exhibit A to the Motion for Leave shall be deemed filed as of the date of this Order.

DATED: _____

_____
THE HONORABLE JALILAH OTTO

FILED
CIVIL RECORDS

03-May-2019 09:28

CIRCUIT COURT OF JACKSON COUNTY, MO

BY _Brittany Everts_

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**Office of the Clerk**

**Paige Wymore-Wynn**
**Clerk of Court**

**REPLY TO:**
**400 E. 9th Street**
**Kansas City, MO 64106**

April 24, 2019

Jackson County Circuit Court
Attn: Clerk's Office
415 E 12th Street
Kansas City, MO 64106

      ***Re:***    Remand of U.S. District Court Case No.: 4:19-cv-00088-SRB
                Baker v. Ocean 18 LLC, et al
                Jackson County Case No.: 1816-CV32043

Dear Clerk:

The above case has been remanded to your court by the Western District of Missouri. Pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447, we are enclosing a certified copy of the *Order of Remand*, as well as a copy of our Court's latest docket sheet.

The Western District of Missouri uses an electronic case management and filing system (CM/ECF). As a result, we do not maintain paper files and our "official" court file is the electronic version maintained in CM/ECF. You can access our electronic case file using CM/ECF (http://ecf.mowd.uscourts.gov). In order to access the electronic case file, you will need a PACER viewing account. If your court does not have access to a PACER account, or if you experience any PACER-related login issues, please contact PACER directly (1-800-676-6856 or https://www.pacer.gov/). Additionally, you will need Adobe Acrobat Reader installed on your computer to view the electronic documents.

                        Sincerely,

                        Paige Wymore-Wynn, Clerk of Court

By:    Lindsey Ells, Deputy Clerk

Enclosures

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| YVETTE BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-0088-CV-W-SRB |
| | ) |
| OCEAN 18 LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Remand. (Doc. #7). The motion is granted in part and denied in part. This case is remanded to the Circuit Court of Jackson County, Missouri at Kansas City. Plaintiff's request for attorney's fees incurred in connection with this motion is denied.

## I.   Background

On December 11, 2018, Plaintiff Yvette Baker filed this case in the Circuit Court of Jackson County, Missouri against Defendants Ocean 18, LLC; Nationwide Servicing Center, Inc.; and Martin Leigh PC. Plaintiff's Verified Petition includes the following claims: 1) Count I – Violation of Missouri Merchandising Practices Act ("MMPA") against all Defendants; and 2) Count II – Request for Injunction against all Defendants. Plaintiff alleges Defendants illegally pursued a non-judicial foreclosure proceeding against her. Also on December 11 Plaintiff filed a motion for temporary restraining order to prevent the foreclosure sale of her property. The state court issued a temporary restraining order on December 13, 2018. The state court later issued a preliminary injunction on December 21, 2018.

Defendants filed a joint motion to dismiss on December 17, 2018. On January 11, 2019, and without responding to the pending motion to dismiss, Plaintiff filed a motion for leave to amend the petition. Plaintiff attached the proposed amended petition to the motion. Plaintiff's proposed amended petition states claims against the same three Defendants as the original petition but includes three counts. Counts I and II are claims for violations of the MMPA against all Defendants. Count III is a class-action claim for violations of the MMPA against Defendant Martin Leigh. On January 22, 2019, Defendants filed a joint opposition to Plaintiff's motion for leave to amend the petition, and on January 24, 2019, Plaintiff filed a reply in support of her motion. The motion remained pending and had not been ruled on February 5, 2019, when Defendant Ocean 18, LLC removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II.    Legal Standard

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (citation omitted). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

## III.   Discussion

In the Notice of Removal, Defendant Ocean 18, LLC argues that Martin Leigh, the only non-diverse Defendant, has been fraudulently joined. With respect to the amount-in-controversy

2

requirement, Plaintiff argues that while the original petition did not satisfy the amount-in-controversy requirement, the proposed amended petition and an appraisal valuing Plaintiff's property at more than $80,000 constitute "other paper" on which the Court can find that the amount-in-controversy requirement has been met. *See* 28 U.S.C. § 1446(c) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.") The original petition alleged, "The amount in controversy is $42,622.66 and does not exceed $75,000." (Doc. #1-4, p. 5). The proposed amended petition does not include this allegation.

Plaintiff argues that removal was premature in that the proposed amended petition had not been accepted by the state court as the operative pleading, and this Court lacks subject-matter jurisdiction. This Court agrees. "The time for removal should not commence until the court grants leave to amend, if such leave is required. . . . Until the amendment is authorized, there is no dispute before the court." *Millentree v. TENT Rest. Operations, Inc.*, No. 08-394-CV-W-ODS, 2008 WL 4559879, at *2 (W.D. Mo. Oct. 8, 2008) (internal quotation marks and citations omitted).

Defendant Ocean 18, LLC relies primarily on *Harvel v. Shadow Creek, LLC*, No. 4:14-CV-01045-BCW, 2015 WL 18176 (W.D. Mo. Jan. 14, 2015), in support of its argument that the proposed amended petition and a real estate appraisal valuing Plaintiff's property at over $80,000 constitute "other paper" sufficient to satisfy the amount-in-controversy requirement. The *Harvel* petition sought judgment "in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus costs." *Id.* at *1. The defendant argued the case first became removable

3

when plaintiff served a discovery response indicating plaintiff sought more than $80,000 in damages. *Id.* The court held that the petition "lacked any indication that the amount in controversy exceeded $75,000" and plaintiff's discovery response constituted "other paper" making the case removable. *Id.* at *2.

In *Harvel* the petition and the discovery responses were not inconsistent. The *Harvel* plaintiff's petition stated plaintiff sought damages in excess of $25,000, and the discovery response stated the plaintiff sought damages of more than $80,000. Here, however, the petition and the proposed amended petition/appraisal are inconsistent. The operative petition controls the amount-in-controversy-requirement analysis given it affirmatively states that the amount in controversy *is* $42,622.66.

Given the Court's ruling with respect to the amount-in-controversy requirement, the Court need not reach the issue of fraudulent joinder. The Court notes, however, that the substantive allegations against Martin Leigh in the original petition are different than the substantive allegations against Martin Leigh in the proposed amended petition. Defendant Ocean 18, LLC argues the allegations against Martin Leigh in both the original petition and the proposed amended petition constitute fraudulent joinder. (Doc. #1, pp. 12-13). Even so, Defendant Ocean 18, LLC relies on the inclusion of class-action claims against Martin Leigh to support its argument that the amount-in-controversy requirement has been met. (Doc. #1, p. 9). This inconsistency and uncertainty as to what pleading the Court should analyze with respect to the fraudulent-joinder analysis supports remand. Further, if the state court accepts the proposed amended petition, which includes class action claims, the analysis of the parties' citizenship for diversity purposes may be impacted by the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453.

4

Plaintiff asks the Court to award attorney's fees in the amount of $7,480.00 because

Defendant Ocean 18, LLC "lacked an objectively reasonable basis for removal." (Doc. #7, p. 6).

While this Court finds that the appraisal is not enough to overcome the operative petition's

affirmative allegation that the amount in controversy is $42,622.66, Defendant Ocean 18, LLC's

reliance on the appraisal shows that it had an objectively reasonable basis for filing the Notice of

Removal. Plaintiff's request for fees is denied. *See Martin v. Franklin Cap. Corp.*, 546 U.S.

132, 141 (2015) ("[W]hen an objectively reasonable basis exists, fees should be denied.").

## IV. Conclusion

Accordingly, Plaintiff's Motion for Remand (Doc. #7) is granted in part and denied in

part. This case is remanded to the Circuit Court of Jackson County, Missouri at Kansas City.

Plaintiff's request for attorney's fees incurred in connection with this motion is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2019

*ECF DOCUMENT*

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Western District of Missouri.

Date Filed: 4·23·19       Paige A. Wymore-Wynn, Clerk
By: _____, Deputy Clerk

5

# U.S. District Court
# Western District of Missouri (Kansas City)
# CIVIL DOCKET FOR CASE #: 4:19-cv-00088-SRB

Baker v. Ocean 18 LLC, et al
Assigned to: District Judge Stephen R. Bough
Case in other court: Circuit Court of Jackson County,
              Missouri, 1816-CV32043
Cause: 28:1345 Foreclosure

Date Filed: 02/05/2019
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

## Plaintiff

**Yvette Baker**

represented by **Gregory A. Leyh**
Gregory Leyh, PC
104 N.E. 72nd Street
Suite A
Gladstone, MO 64118
(816) 283-3380
Fax: (816) 283-0489
Email: gleyh@leyhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erica Denise Baker**
Kessinger Law Firm P.C.
200 NW Englewood Road
Suite B
Kansas City, MO 64118
816-436-0707
Fax: 816-436-1380
Email: edbaker@kessingerlaw.net
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**James A. Kessinger**
Kessinger Law Firm, P.C.
200 NW Englewood
Suite B
Kansas City, MO 64118
(816) 436-0707
Fax: (816) 436-1380
Email: jak4law@kc.rr.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Luke Andrew Steven Demaree**
Kessinger Law Firm, P.C.
200 NW Englewood
Suite B
Kansas City, MO 64118
(816) 436-0707
Fax: (816) 436-1380
Email: lad4law@kc.rr.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

**Ocean 18 LLC**                              represented by **William H. Meyer**
                                              Martin Leigh PC - KCMO
                                              2405 Grand Blvd
                                              Suite 410
                                              Kansas City, MO 64108
                                              (816) 841-6266
                                              Fax: (816) 221-1044
                                              Email: whm@martinleigh.com
                                              *ATTORNEY TO BE NOTICED*
                                              *Bar Status: Active*

**Defendant**

**Nationwide Servicing Center, Inc.**        represented by **William H. Meyer**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*
                                              *Bar Status: Active*

**Defendant**

**Martin Leigh, PC**                          represented by **William H. Meyer**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*
                                              *Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/23/2019 | 14 | ORDER : Before the Court is Plaintiff's Motion for Remand. (Doc. #7). The motion is granted in part and denied in part. This case is remanded to the Circuit Court of Jackson County, Missouri at Kansas City. Plaintiff's request for attorney's fees incurred in connection with this motion is denied. Signed on 4/23/19 by District Judge Stephen R. Bough. (Ellis, Lindsey) (Entered: 04/23/2019) |

| 04/10/2019 | 13 | REPLY SUGGESTIONS to motion re 7 MOTION to remand filed by Gregory A. Leyh on behalf of Plaintiff Yvette Baker. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 7 ) (Leyh, Gregory) (Entered: 04/10/2019) |
|---|---|---|
| 03/27/2019 | 12 | SUGGESTIONS in opposition re 7 MOTION to remand filed by William H. Meyer on behalf of Defendant Ocean 18 LLC. Reply suggestions due by 4/10/2019 unless otherwise directed by the court. (Related document(s) 7 ) (Meyer, William) (Entered: 03/27/2019) |
| 03/20/2019 | 11 | Before this Court is Plaintiff's Unopposed Motion to Stay Rule 26(f) Conference, Proposed Scheduling Order, and Discovery Pending Ruling on Plaintiff's Motion for Remand. (Doc. #10). The motion is granted in part and denied in part. The Court orders the following amendments to its Rule 16 Notice (Doc. #6): the parties shall conduct their Rule 26(f) scheduling conference on or before April 26, 2019, and the parties shall file their joint proposed scheduling order/discovery plan on or before May 10, 2019. The April 16, 2019, Scheduling Conference is canceled to be reset at a later date. Plaintiff's request to extend the deadline to designate an outside mediator is denied without prejudice. Pursuant to section V.C.1. of the MAP General Order, requests for extension of time related to mediation must be made to the MAP Director. Signed on 3/20/19 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/20/2019) |
| 03/20/2019 | 10 | MOTION to stay *(Unopposed) Motion to Stay Rule 26(f) Conference, Proposed Scheduling Order, and Discovery Pending Ruling on Plaintiff's Motion for Remand* filed by Gregory A. Leyh on behalf of Yvette Baker. Suggestions in opposition/response due by 4/3/2019 unless otherwise directed by the court. (Leyh, Gregory) (Entered: 03/20/2019) |
| 03/20/2019 | 9 | Before this Court is Defendants' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Motion for Remand. (Doc. #8). For good cause stated the motion is granted. Accordingly, Defendants are granted an extension of time until and including March 27, 2019, to file their response to Plaintiff's motion for remand. Signed on 3/20/19 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 03/20/2019) |
| 03/19/2019 | 8 | MOTION for extension of time *to Answer or Otherwise Respond to Plaintiff's Motion for Remand - Unopposed* filed by William H. Meyer on behalf of Martin Leigh, PC, Nationwide Servicing Center, Inc., Ocean 18 LLC. Suggestions in opposition/response due by 4/2/2019 unless otherwise directed by the court. (Meyer, William) (Entered: 03/19/2019) |
| 03/06/2019 | 7 | MOTION to remand filed by Gregory A. Leyh on behalf of Yvette Baker. Suggestions in opposition/response due by 3/20/2019 unless otherwise directed by the court. (Leyh, Gregory) (Entered: 03/06/2019) |
| 02/27/2019 | | NOTICE of filing: Mediation and Assessment Program Reminder: Your Designation of Mediator is due soon (filed as an ADR event in CM/ECF). See Notice of Inclusion and MAP General Order for specifics. (ADI, MAP) (Entered: 02/27/2019) |

| 02/21/2019 | 6 | RULE 16 NOTICE. Proposed scheduling order due by 4/2/2019. Scheduling Conference set for 4/16/2019 10:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Signed on 2/21/19 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 02/21/2019) |
|---|---|---|
| 02/12/2019 | 5 | DISCLOSURE OF CORPORATE INTERESTS *Defendant Ocean 18 LLC* filed by William H. Meyer on behalf of Defendant Ocean 18 LLC.(Meyer, William) (Entered: 02/12/2019) |
| 02/12/2019 | 4 | DISCLOSURE OF CORPORATE INTERESTS *Defendant Nationwide Servicing Center, Inc.* filed by William H. Meyer on behalf of Defendant Nationwide Servicing Center, Inc..(Meyer, William) (Entered: 02/12/2019) |
| 02/12/2019 | 3 | DISCLOSURE OF CORPORATE INTERESTS *Defendant Martin Leigh PC* filed by William H. Meyer on behalf of Defendant Martin Leigh, PC.(Meyer, William) (Entered: 02/12/2019) |
| 02/06/2019 | 2 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**<br><br>**Notice of MAP assignment to an outside mediator.** (Attachments: # 1 MAP General Order)(Woods, Gloria) (Entered: 02/06/2019) |
| 02/05/2019 | 1 | NOTICE OF REMOVAL from Circuit Court of Jackson County, Missouri County, case number 1816-CV32043, filed by William H. Meyer on behalf of Ocean 18 LLC. Filing fee $ 400, receipt number AMOWDC-6161024. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A - Jackson County Appraisal, # 3 Exhibit B - Affidavit of Gregory Leyh, # 4 Exhibit C - State Court File, # 5 Exhibit D - Consent to Removal)(Meyer, William) (Entered: 02/05/2019) |

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | | |
|---|---|---|---|
| YVETTE BAKER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No.: | 1816-CV32043 |
| | ) | | |
| OCEAN 18, LLC, et al., | ) | Division 15 | |
| | ) | | |
| Defendants. | ) | | |

**DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME
TO
RESPOND TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION**

COME NOW Defendants Ocean 18, LLC, Nationwide Servicing Center, Inc. and Martin Leigh PC, (hereinafter collectively referred to as "Defendants"), and for their Motion for Enlargement of Time to Respond to Plaintiff's Motion to Amend Petition, state:

1. Plaintiff's Motion to Amend was filed on May 2, 2019.

2. Defendants have until Monday, May 13, to file a response.

3. Counsel for Defendants has conferred with Counsel for Plaintiff who has consented to allow Defendants an additional 10 days to respond to Plaintiff's Motion to Amend.

4. Counsel certifies by the signature below that this motion is not intended to unnecessarily delay these proceedings or for any other improper purpose.

WHEREFORE Defendants respectfully request the Court's order permitting Defendants until and including May 23, 2019 to respond to Plaintiff's Motion to Amend and for such other relief as the Court deems just.

Respectfully submitted,

MARTIN LEIGH PC

By:   /s/William H. Meyer
      William H. Meyer     Mo. #42345
      Gregory D. Todd     Mo. #56941
      2405 Grand Blvd., Suite 410
      Kansas City, MO 64108
      T:    816-221-1430
      F:    816-221-1044
      E:    whm@martinleigh.com
      E:    gdt@martinleigh.com
      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on the parties below through the court's electronic filing system on May 10, 2019.

Erica Baker
James Kessinger
Luke Demaree
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
T:  816-436-0707
F:  816-436-1380
E:  jak4law@kc.rr.com
E:  lad41@kc.rr.com
E:  edbaker@kessingerlaw.net

Gregory Leyh
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri 64118
T:  816-283-3380
F:  816-283-0489
E:  gleyh@leyhlaw.com
.

      /s/William H. Meyer
      *An Attorney for Defendants*

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:    1816-CV32043 |
| | ) | |
| OCEAN 18, LLC, et al., | ) | Division 15 |
| | ) | |
| Defendants. | ) | |

## ORDER

COMES NOW on this day, the Court takes on for consideration the Defendants' Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Motion for Leave to Amend Petition.  The Court, having reviewed the pleadings and being fully advised in the premises, hereby GRANTS said Motion.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the deadline for the Defendants' to answer, object, or otherwise respond to the Plaintiff's Motion for Leave to Amend Petition is extended to, and includes, May 23, 2019.


Date: _____              _____
                                                                      CIRCUIT COURT JUDGE

Respectfully submitted,

MARTIN LEIGH PC

By: /s/William H. Meyer
     William H. Meyer     Mo. #42345
     Gregory D. Todd     Mo. #56941
     2405 Grand Blvd., Suite 410
     Kansas City, MO 64108
     T:     816-221-1430
     F:     816-221-1044
     E:     whm@martinleigh.com
     E:     gdt@martinleigh.com
     *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on the parties below through the court's electronic filing system on May 10, 2019.

Erica Baker
James Kessinger
Luke Demaree
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
T:  816-436-0707
F:  816-436-1380
E:  jak4law@kc.rr.com
E:  lad41@kc.rr.com
E:  edbaker@kessingerlaw.net

Gregory Leyh
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri 64118
T:  816-283-3380
F:  816-283-0489
E:  gleyh@leyhlaw.com
.

     /s/William H. Meyer
     *An Attorney for Defendants*



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| **YVETTE C BAKER V OCEAN 18, LLC ET AL** | **Case Number: 1816-CV18268**<br>**DIVISION 15** |

## Notice of Case Management Conference

This is to notify you that a Case Management Conference will be held in the Circuit Court of Jackson County, Missouri located at 415 E. 12th Street, 4th Floor, on **July 22, 2019, at 9:00 a.m.** in **DIVISION 15**.

### Certificate of Mailing and/or Delivery

This will certify that a copy of the foregoing was sent through the eFiling system to all counsel of record.

May 20, 2019
**Date**

*Joshua Haren*
**Judicial Administrative Assistant/Law Clerk**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | | |
|---|---|---|---|
| YVETTE BAKER, | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| v. | ) | **Case No.:** | **1816-CV32043** |
| | ) | **Div.:** | **8** |
| OCEAN 18, LLC; | ) | | |
| NATIONWIDE SERVICING | ) | | |
| CENTER, INC.; AND | ) | | |
| MARTIN LEIGH PC, | ) | | |
| | | | |
| **Defendants.** | | | |

**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO
PLAINTIFF'S *MAY 2, 2019* MOTION TO AMEND**

COME NOW Defendants Ocean 18, LLC; Nationwide Servicing Center, Inc.; and Martin Leigh PC and, for their Suggestions in Opposition to Plaintiff's May 2, 2019 Motion to Amend, state:

**I.       INTRODUCTION.**

Plaintiff filed this lawsuit to delay the non-judicial foreclosure of Plaintiff's home and the sale has been enjoined.  Plaintiff's May 2, 2019 Motion for Leave to Amend the petition is Plaintiff's *second* attempt to amend - Plaintiff abandoned her prior attempt to amend on April 25, 2019.  It is instructive that the only substantive theory of relief that Plaintiff has asserted under Plaintiff's initial verified Petition and various proposed amended petitions is through the Missouri Merchandising Practices Act ("MMPA").  That is fatal to Plaintiff's case.

As the Court is aware, Defendants filed a Motion to Dismiss Plaintiff's initial verified Petition (filed December 11, 2018) because:

> a.       The MMPA does not apply to successor trustees under a deed of trust and that claim must be dismissed as to Martin Leigh PC as a matter of law (see <u>Wivell v. Wells Fargo</u>

Bank, N.A., 773 F.3d 887, 895-6 (8th Cir. 2014) and Caranchini v. Nationstar Mortgage LLC, and **Martin Leigh PC**, (W.D.Mo. 4:17-CV-775-DGK) Doc. 24 p. 6); and

b. The MMPA requires that Plaintiff allege an *ascertainable loss* and that, in the context of a debt dispute, the Plaintiff must allege that she paid more than what was owed under the Promissory Note—which Plaintiff has failed to do (see Cregan v. Mortgage One Corporation, 2016 WL 3072395, at *4 (E.D.Mo. 2016)).

Defendants' December 11, 2018 Motion to Dismiss has not been ruled on and Plaintiff never responded substantively to Defendants' Motion to Dismiss. Instead, Plaintiff has peppered the Court with permutations of the same underlying MMPA claims in successive motions to amend, and proposed amended petitions, to avoid a critical review of Plaintiff's MMPA claims.

Plaintiff's Motion to Amend should be denied because Plaintiff's MMPA claims fail to state claim as a matter of law and Plaintiff's newly proposed amended petition does not cure that defect and the proposed amendment would be futile.

## II.    ARGUMENT.

### A.    The Motion to Amend Standard is Discretionary.

"The denial of leave to amend is within the discretion of the trial court and that discretion will not be disturbed unless there is a showing that the court palpably and obviously abused its discretion." Curnutt v. Scott Melvin Transp., 903 S.W.2d 184, 193 (Mo. Ct. App. 1995) citing Baker v. City of Kansas City, 671 S.W.2d 325, 329 (Mo. App. 1984). "Factors that should be considered in deciding whether to allow leave for an amendment are hardship to the moving party if leave to amend is not granted, the reasons for failure to include any new matter in earlier pleadings, timeliness of the application, ***whether the amendment could cure the inadequacy of the moving party's pleading***, and the injustice resulting to the party opposing the motion should it be granted." Id. (emphasis added) citing Western Casualty & Surety Co. v. Kansas City Bank &

2

Trust Co., 743 S.W.2d 578, 582 (Mo. App. 1988). "[W]here an amendment would be futile [i.e. when plaintiff **fails to allege facts** that cure a petition's legal defects], the circuit court did not abuse its discretion in denying [plaintiff] leave to amend. Spencer v. State, 334 S.W.3d 559, 573-74 (Mo.App.W.D. 2010).

Plaintiff's Motion to Amend (and third proposed petition) cannot correct the fact that the MMPA does not apply to Martin Leigh PC as a matter of law; and, to make a prima facie MMPA claim, Plaintiff must allege to have paid more than owed under the debt referenced in the petition to satisfy the MMPA's *ascertainable loss* element—which Plaintiff has failed to do.

**B.      Plaintiff's MMPA Claim Fails as to Martin Leigh PC Because the MMPA Does Not Apply to Successor Trustees Under Deeds of Trust as a Matter of Law.**

Plaintiff's MMPA Claims must be dismissed as to Martin Leigh PC because the MMPA does not apply to successor trustees under deeds of trust as a matter of law. (See Plaintiff's initial verified Petition at ¶ 26 admitting that Martin Leigh PC is a successor trustee.)

The MMPA makes unlawful "[t]he act, use or employment ... of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo.Rev.Stat. § 407.020.1 (emphasis added). In Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887 (8th Cir. 2014) the 8th Circuit ruled that the MMPA does not apply to trustees under a deed of trust.

In Wivell the borrowers alleged that the Kozeny & McCubbin law firm ("Kozeny"), acting as trustee under a deed of trust, breached the MMPA by "making false and misleading statements, by refusing to help them, and by failing to carry out its duties as trustee." Id. at 895. The borrowers argued that two Missouri Supreme Court cases supported their MMPA claim against the trustee,

i.e. Conway v. CitiMortgage, Inc., 438 S.W.3d 410 (Mo. 2014) and Watson v. Wells Fargo Home

Mortg., Inc., 438 S.W.3d 404, 408 (Mo. 2014).

The 8th Circuit disagreed with the borrowers.  In ruling against the borrowers, the 8th Circuit

held that a trustee's relation to a borrower under a deed of trust is fundamentally different from a

lender's relationship with a borrower.  Specifically, the 8th Circuit ruled that:

> *Conway* and *Watson* do not supply a reasonable basis in law for the
> Wivells' MMPA claim against Kozeny. Both cases concerned the
> lender-borrower relationship, not the trustee-borrower relationship
> at issue here, *see id.* at 406; *Conway,* 438 S.W.3d at 413, and the
> Conway court made clear that its rationale turned on the continuing
> nature of the lender-borrower relationship. As the court explained,
> "[b]ecause [the lender and the borrower] must continue to perform
> ... duties for the life of the loan, the sale continues throughout the
> time the parties perform their duties." *Id.* at 415. Consequently, an
> action taken while performing these continuing duties is "in
> connection with" the sale of a loan. *See id.* ***Unlike the defendants
> in Conway and Watson, Kozeny did not assume a continuing duty
> to service the Wivells' loan. Instead, the deed of trust established a
> narrow, contingent role for Kozeny in the event that the Wivells
> defaulted. Because Kozeny did not "continue to perform" these
> duties "for the life of the loan," see id., the rule established by
> Conway and Watson does not apply to a trustee like Kozeny.***
>
> Because there was no reasonable basis in fact and law for the
> Wivells' claims against Kozeny, it follows that Kozeny was
> fraudulently joined and that the district court properly denied the
> Wivells' motion to remand.

Id. at 895–96 (emphasis added).  "For the foregoing reasons, [the 8th Circuit] affirm[ed] the district

court's denial of the Wivells' motion to remand and affirm[ed] the district court's dismissal of the

claims against Kozeny. . ."  Id. at 900.  See also Geran v. Xerox Education Services, Inc., 469

S.W.3d 459, 466 (Mo.App. W.D. 2015) citing Wivell with approval.  Additionally, see Jackson v.

Barton, 548 S.W.3d 263, 272 (Mo. 2018) leaving Wivell undisturbed.

In a recent lawsuit filed by counsel for Plaintiff against Martin Leigh PC, the federal court reached the same result on the MMPA claim. In that case, <u>Caranchini v. Nationstar Mortgage LLC, and Martin Leigh PC</u>, W.D.Mo. 4:17-CV-775-DGK, Judge Kays ruled that:

> Here, Plaintiff's MMPA claim against successor trustee Martin Leigh fails. Martin Leigh's alleged failure to perform duties attendant to foreclosure is not actionable under the MMPA. See *Dedrick*, 2013 WL 12146528, at * 2(**"<u>[A]n MMPA claim cannot be brought against the entity that was not an initial party to a loan transaction, but only later forecloses on the loan." Therefore, "plaintiff has no colorable MMPA claim" against Martin Leigh</u>**. See *id*. Plaintiff's MMPA claim against Martin Leigh is dismissed. See *Murphy*, 699 F.3d at 1031.

See <u>Caranchini</u>, Doc. 24 p. 6 (Order Denying Motion to Remand) (emphasis added).

As ruled in <u>Wivell</u> and <u>Caranchini</u>, Martin Leigh PC's alleged breach of the MMPA (just like Kozeny's alleged breach of the MMPA in <u>Wivell</u> and Martin Leigh PC's alleged breach of the MMPA in <u>Caranchini</u>) is not actionable under the MMPA and Plaintiff's MMPA claims against Martin Leigh PC fail as a matter of law.

### 1. Plaintiff Cannot Avoid <u>Wivell</u> and <u>Caranchini</u> By Characterizing Martin Leigh PC is a "Debt Collector."

Plaintiff's May 2, 2019 proposed amended Petition characterizes Martin Leigh PC as a "debt collector" in an effort to avoid <u>Wivell</u> and the requirement that Plaintiff's MMPA claims against Martin Leigh PC (the trustee under Plaintiff's deed of trust) be dismissed. Alleging that Martin Leigh PC is a "debt collector" may make sense in the context of a 15 U.S.C. 1692 federal *Fair Debt Collection Practices Act* ("FDCPA") claim where a plaintiff must allege and prove that a defendant is a debt collector to state a colorable claim. However, neither Plaintiff's Petition nor any of Plaintiff's various proposed amended petitions assert a FDCPA violation. In the context of a MMPA claim, Plaintiff's characterization of Martin Leigh PC as a "debt collector" is

Electronically Filed - Jackson - Kansas City - May 22, 2019 - 02:05 PM

meaningless because proving that Martin Leigh PC is a debt collector is not an element of a MMPA

claim nor is the term "debt collector" defined by the MMPA.

Furthermore, as just ruled by the U.S. Supreme Court in 2019, a trustee who nonjudicially

forecloses a deed of trust is not a debt collector under the FDCPA.  See <u>Obduskey v. McCarthy &</u>

<u>Holthus LLP</u>, 139 S. Ct. 1029, 1038 (2019).

> **C.    Plaintiff's MMPA Claims Fail as to All Defendants Because Plaintiff Has Not Alleged an Ascertainable Loss—i.e. Plaintiff Has Not Alleged that She Paid More than Owed on the Promissory Note.**

Plaintiff's MMPA claims must be dismissed as to all Defendants because Plaintiff fails to

allege that she has paid more than owed under the Promissory Note.  Instead, Plaintiff alleges

unspecified and unquantified damages such as "actual damages, punitive damages, and award

plaintiff her attorneys' fees and costs…"  See initial verified Petition, p. 11, "wherefore" provision.

By using that pleading tactic, Plaintiff has failed to state an MMPA claim against Defendants

because Plaintiff has failed to plead an *ascertainable loss*.  Plaintiff's initial verified Petition

admits that the amount owed under the Promissory Note is $46,622.66.  See Plaintiff's verified

December 11, 2018 Petition, ¶ 57.  Plaintiff's December 11, 2018 verified Petition does not allege

that she has paid more than the $46,622.66 amount owed on the Promissory Note.

Plaintiff's May 2, 2019 proposed Amended Petition does not cure that pleading defect.

Instead, Plaintiff makes non-factual nebulous allegations regarding damages such as:

> 103.    Plaintiff's ascertainable losses include humiliation and anguish because of Defendants' debt collection conduct, anxiety, depression, emotional distress, loss of sleep, negative credit impact, and unnecessary out-of-pocket costs as a result of Defendants' deception.

See Plaintiff's May 2, 2019 proposed Amended Petition ¶¶ 103, 120, and 145. Whatever those alleged damages are, they are not "ascertainable" and simply labeling them as such does not satisfy Missouri's fact pleading requirement and they certainly do not exceed $46,622.66 as these allegations are not quantified.

To make a prima facie MMPA claim, Plaintiff must allege an ascertainable loss of money or property because an "***ascertainable loss of money or property is an essential element*** of a cause of action brought under the MMPA." See Cregan v. Mortgage One Corporation, 2016 WL 3072395, at *4 (E.D.Mo. 2016) (emphasis added). "[L]itigation expenses and attorney's fees are not recoverable as actual damages." Lester E. Cox Medical Centers, Springfield, MO v. Huntsman, 2003 WL 22004998, at *9 (W.D.Mo.2003).

"The Missouri Court of Appeals has held that a ***plaintiff fails to plead an ascertainable loss of money or property when the plaintiff does not allege that they have paid more than they owe on their loan***." Cregan v. Mortgage One Corporation, 2016 WL 3072395, at *4 (E.D.Mo. 2016) (emphasis added) citing *Freeman Health Sys. v. Wass*, 124 S.W.3d 504, 508 (Mo. Ct. App. 2004); Lester E. Cox Med. Centers, Springfield, MO v. Huntsman, No. 003276CVSDWECF, 2003 WL 22004998, at *9 (W.D. Mo. Aug. 5, 2003), aff'd sub nom. in Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman, 408 F.3d 989 (8th Cir. 2005).

In Cregan the court rejected the borrowers' MMPA claim against their home lender and servicer because the borrowers failed to allege that they "paid more than they owe or more than the reasonable value of the loan." Id. at *5. In rejecting the MMPA claim, the Cregan court relied on Freeman Health System v. Wass, 124 S.W.3d 504, 508 (Mo.App. S.D. 2004) in which that court ruled against a debtor's MMPA claim regarding medical services because the Freeman debtor did not pay for the medical services. Cregan also relied on Lester E. Cox Medical Centers,

Springfield, MO v. Huntsman, 2003 WL 22004998, at *9 (W.D.Mo. 2003) where that court rejected the debtors' MMPA claim because the debtors paid the creditor less than the amount the debtors alleged to have been overcharged by the creditor and "Consequently they [the debtors] have not suffered any ascertainable loss here, and the Court finds that Count I [MMPA claim] fails for lack of actual damages and an ascertainable loss." Id. at *9.

Accordingly, Plaintiff's MMPA claim fails because Plaintiff does not allege that she paid more than the $46,622.66 that she alleges to be owed on the Promissory Note. See Plaintiff's December 11, 2018 Petition, ¶ 57, and see Plaintiff's May 2, 2019 proposed Amended Petition ¶¶ 103, 120, and 145 which fail to allege that Plaintiff suffered more than $46,622.66 in damages.

### D. The Defendants Have a Right to Recover their Attorneys' Fees Under the MMPA.

Under the MMPA, Defendants have the right to recover their attorneys' fees as the prevailing party and the Court has the discretion to award such fees. See R.S.Mo. 407.025.1 ("The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees…")

## III. CONCLUSION.

Plaintiff's MMPA claim against Martin Leigh PC must be dismissed because the MMPA does not apply to successor trustees under deeds of trust as a matter of law. Plaintiff's MMPA claim must be dismissed as to all Defendants because Plaintiff has failed to allege (in any permutation of her proposed amended petitions) an ascertainable loss that exceeds $46,622.66.

WHEREFORE Defendants Ocean 18, LLC, Nationwide Servicing Center, Inc., and Martin Leigh PC request that Plaintiff's initial verified Petition be dismissed with prejudice for failing to state a claim; that Plaintiff's May 2, 2019 Motion to Amend be denied; that Defendants be awarded

their attorneys' fees (R.S.Mo. 407.025.1) and costs as the prevailing party; and for such other relief

as the Court deems just.

Respectfully submitted by,
MARTIN LEIGH PC

/s/ William H. Meyer

William H. Meyer          Mo. 42345
Gregory D. Todd          Mo. 56941
2405 Grand Blvd., Suite 410
Kansas City, MO 64108
(816) 221-1430          Phone
(816) 221-1044          Fax
whm@martinleigh.com
gdt@martinleigh.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of this document was served on the parties below through the court's electronic filing system and via electronic mail on May 22, 2018:

Erica Baker
James Kessinger
Luke Demaree
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
816-436-0707          Tel.
816-436-1380          Fax.
jak4law@kc.rr.com
lad4law@kc.rr.com
edbaker@kessingerlaw.net

and

Gregory A. Leyh
Gregory Leyh, PC
104 N.E. 72nd Street
Suite A
Gladstone, MO 64118
816-283-3380          Tel.
816-283-0489          Fax.
gleyh@leyhlaw.com

Counsel for Plaintiff

/s/ William H. Meyer
William H. Meyer

Electronically Filed - Jackson - Kansas City - May 22, 2019 - 02:05 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

YVETTE BAKER, )
)
               Plaintiff, )
)
vs. )     Case No.:     1816-CV32043
)
OCEAN 18, LLC, et al., )     Division 15
)
           Defendants. )

## ORDER

COMES NOW on this day, the Court takes on for consideration the Defendants' Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Motion for Leave to Amend Petition. The Court, having reviewed the pleadings and being fully advised in the premises, hereby GRANTS said Motion.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the deadline for the Defendants' to answer, object, or otherwise respond to the Plaintiff's Motion for Leave to Amend Petition is extended to, and includes, May 23, 2019.

Date:   May 22, 2019                                 
CIRCUIT COURT JUDGE

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **Case No. 1816-CV32043** |
| OCEAN 18, LLC, et al., | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO AMEND PETITION**

COMES NOW, Plaintiff Yvette Baker, by and through counsel of record, and submits the following reply in support of her Motion for Leave in Support of her Motion for Leave to Amend Petition ("Motion").

**I.      DEFENDANTS' OPPOSITION IS IMPROPER**

Defendants' opposition to plaintiff's Motion is a cut and paste job from their pending Motion to Dismiss.  Plaintiff's Motion seeks leave to amend her Petition. Plaintiff's Motion also seeks relief that in the event this Court denies Plaintiff's Motion, plaintiff requests an extension of an additional fourteen days to file a response to defendants' Motion to Dismiss.

It is improper for defendants to file what is essentially a second Motion to Dismiss in response to Plaintiff's Motion.  If the Court denies Plaintiff's Motion, plaintiff will then have the opportunity to respond fully to defendants' Motion to Dismiss. Plaintiff will limit this reply to issues that bear on the Motion for Leave to Amend rather than Martin Leigh's duplicative motion to dismiss arguments.

## II.     DEFENDANTS DELIBERATELY MISSTATE MISSOURI LAW ON THE MPA

Defendants' opposition rests on a category mistake.  Martin Leigh apparently thinks that federal district Judge Gregory Kays is the legal equivalent of the Supreme Court of Missouri.  Martin Leigh cites two federal district court opinions -- both written by Judge Kays -- and ignores a plethora of Missouri state court opinions to the contrary.  "Through meriting our respect, decisions of the federal court are not binding on us."  Doe v. Roman Catholic Diocese of St. Louis, 311 S.W.3d 818, 823 (Mo. App. 2010).  "We remain fully cognizant of the right of Missouri courts to interpret Missouri laws and that such interpretations are binding and conclusive on federal courts."  Planned Parenthood of Kansas v. Donnelly, 298 S.W.3d 8, 14 (Mo. App. 2009).

The issues raised by plaintiff's amended petition are issues of state law to be decided by state court judges.  Many state court judges have already spoken, and they overwhelming disagree with the opinions of Judge Kays as characterized by Martin Leigh.  Consider the following state court decisions demonstrating a Successor Trustee's liability under the MMPA:

- Stagner v. Wells Fargo Bank, N.A. as Trustee, et al., in the Circuit Court of Ray County, Missouri at Richmond, Case No. 16RY-CV0249 (Count V – Violations of the Missouri Merchandising Practices Act).   Plaintiffs brought a class action lawsuit against Successor Trustee Millsap & Singer.  Millsap's Motion to Dismiss was denied on October 17, 2016.  See Order attached as Exhibit 1.  The Class was certified by the Court on February 22, 2017.  The Ray County Circuit Court's class certification decision in February 2017 has withstood appeals to both the Western District Court of Appeals and the Missouri Supreme Court.  Notice of the

class action was published across the State of Missouri on Sunday, October 8, 2017 (copy of the published notice is also available on the undersigned's website at www.leyhlaw.com). Finally, the Ray County Circuit Court recently denied Millsap's Motion for Summary Judgment on the MMPA claim. In other words, Millsap – "a Successor Trustee" – is now facing classwide liability on a MMPA claim. Martin Leigh completely ignores this fact, and its contention that it is immune from liability under the MMPA is without any binding legal support.

- <u>Cuda v. The Bank of New York Mellon, et al.</u>, in the Circuit Court of Clay County, Missouri, Case No. 11CY-CV04386 (Count V – Violations of the Missouri Merchandising Practices Act). The Court denied Kozeny & McCubbin, L.C.'s Motion to Dismiss on January 14, 2014. <u>See</u> Notice of Entry dated January 14, 2014, attached as Exhibit 2. The case subsequently settled.

- <u>Hillebert v. Kozeny & McCubbin, et al.</u>, in the Circuit Court of Jackson County at Kansas City, Case No. 1516-CV08004 (Count I – Violations of the Missouri Merchandising Practices Act). Defendants Kozeny & McCubbin, L.C. and Substitute Trustee Corporation's Joint Motion to Dismiss was overruled on September 21, 2015. <u>See</u> Order attached as Exhibit 3. Subsequently, the Successor Trustee paid plaintiff a substantial sum of money on the eve of trial to avoid a jury verdict on conduct substantially similar to what is alleged here.

- <u>Odueko v. Millsap & Singer, P.C., et al.</u>, in the Circuit Court of Jackson County at Kansas City, Case No. 1616-CV25194 (Count VI – Violations of the Missouri Merchandising Practices Act). Millsap's Motion to Dismiss was denied on July 24, 2017. <u>See</u> Order attached as Exhibit 4.

As demonstrated above, Martin Leigh's conclusion that it is above the MMPA law is unsupported and unsupportable.

### III.   <u>WIVELL</u> IS NOT BINDING ON THIS COURT

Contrary to Martin Leigh's assertion that plaintiff's MMPA claim does not apply to trustees under a deed of trust according to <u>Wivell v. Wells Fargo Bank, N.A.</u>, 773 F.3d 887 (8th Cir. 2014), no such expansive interpretation of the MMPA has ever been countenanced by any Missouri court. Martin Leigh does not rely on Missouri appellate decisions because there are none. Instead, Martin Leigh relies on two federal rulings (written by a single judge) – which are not binding. A federal court's role is "to interpret state law, not to fashion it." <u>Id.</u> at 896.

Defendants' reliance on <u>Wivell</u> is misplaced. Their argument is that because <u>Wivell</u> concluded that Successor Trustees are not liable under the MMPA, and because Martin Leigh sometimes acts as a Successor Trustee, Martin Leigh may not be found liable under the MMPA. That syllogism does not reflect Missouri law, since Martin Leigh also acts in other capacities (debt collector and law firm, to name two) that may subject it to liability. In addition, the conclusion that a Missouri Successor Trustee is not liable is contrary to the state court opinion cited earlier, and has never been accepted by any Missouri appellate court.

<u>Wivell</u> also did not address whether a debt collector was liable under the MMPA. <u>Wivell</u> addressed the MMPA liability of Successor Trustees, not the liability of debt collectors, law firms, or any other non-Successor Trustee entities. <u>Wivell</u> cannot reasonably be interpreted to hold that a law firm acting as Successor Trustee is immune from suit for other conduct undertaken while serving in other roles, such as debt

collector.  In short, <u>Wivell</u> does not provide blanket immunity to law firms acting as debt collectors simply because they may sometimes be Successor Trustees.  The argument to the contrary advanced by defendants is a legal anomaly.

### IV.  <u>JACKSON</u> IS BINDING ON THIS COURT

Defendants do not even address the one Missouri Supreme Court case on point and instead rely on a recent United States Supreme Court decision – <u>Obduskey v. McCarthy & Holthus LLP</u>, 139 S. Ct. 1029, 1038 (2019).  <u>Obduskey</u> addressed the meaning of debt collector under the Fair Debt Collection Practices Act, and did not address the MMPA.  This lawsuit does not involve the FDCPA, and <u>Obduskey</u>'s holding is not relevant to plaintiff's MMPA claims.

The case on point is <u>Jackson v. Barton</u>, 548 S.W.3d 263 (Mo. 2018).  <u>Jackson</u> stands for, among other things, the legal principle that a debt collector has potential liability under the MMPA.  In <u>Jackson</u>, defendant and attorney Dennis J. Barton was a debt collector.  <u>Id</u>. at 265 ("The alleged violations arose out of Mr. Barton's attempts to collect payment Mr. Jackson purportedly owed as a result of dental services rendered by LifeSmile.")  Jackson sued Barton as a debt collector under the MMPA.  <u>Id</u>.  The Supreme Court of Missouri held that Mr. Barton's actions were "in connection with" the underlying purchase of dental services, and therefore he could be found liable under the MMPA.  <u>Id</u>. at 272.

Here, Martin Leigh's relevant conduct concerns its attempt to collect a debt from plaintiff on behalf of an alleged creditor.  Martin Leigh was sued under the MMPA on the basis of its relevant debt collection conduct.  <u>See</u> ¶¶ 123-146 of the proposed First

Amended Petition. Under the holding in <u>Jackson</u>, and if the evidence supports it, Martin Leigh may be found liable as a debt collector under the MMPA.

## V.    CONCLUSION

Supreme Court Rule 55.33(a) provides that leave of court to file an amended pleading "shall be freely given when justice so requires." <u>See</u> <u>Green v. City of St. Louis</u>, 878 S.W. 2d 794, 797 (Mo. banc 1994).  In this case, defendants will not suffer any prejudice from granting the motion for leave to amend.  This case was recently remanded back to this Court.  No formal discovery has been taken place nor has there been a case management conference.

If this Court denies Plaintiff's Motion for Leave to Amend Petition, plaintiff requests an additional fourteen (14) days to file a response to defendants' Motion to Dismiss from the date of the Court's Order.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri  64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com

James Kessinger, #42808
Luke Demaree,    #54056
Erica Baker,        #70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
Jak4law@kc.rr.com
Lad4law@kc.rr.com
Edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2019, a copy of the above and foregoing Plaintiff's Reply in Support of Motion for Leave to Amend Petition was sent by ECF Notification to:

William H. Meyer
Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
Attorney for Defendants

/s/ Gregory Leyh
Attorney for Plaintiff

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No.:** 1816-CV32043 |
| | ) | **Div.:** 8 |
| OCEAN 18, LLC; NATIONWIDE | ) | |
| SERVICING CENTER, INC. AND | ) | |
| MARTIN LEIGH PC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF WITHDRAWAL OF ATTORNEY

COMES NOW William H. Meyer of Martin Leigh PC, and hereby notifies the Court and all parties of his withdrawal as counsel for Defendants in connection with the above-captioned action and requests that his name be removed from the notices of electronic filing.

Respectfully submitted,

MARTIN LEIGH PC

*/s/ William H. Meyer*
William H. Meyer            MO #42345
Gregory D. Todd             MO #56941
2405 Grand Blvd., Suite 410
Kansas City, Missouri 64108
Telephone No.: (816) 221-1430
Facsimile No.: (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was sent via electronic mail through the Courts electronic filing system on this ____ day of June, 2019.

*/s/ William H. Meyer*
William H. Meyer

(3559.322)

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1816-CV32043 |
| OCEAN 18, LLC, et al., | ) | |
| | ) | Division 15 |
| Defendants. | ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

COMES NOW, Plaintiff Yvette Baker, by and through counsel of record, and submits the following additional Order dated September 8, 2015 in support of plaintiff's Motion for Leave to Amend Petition.

Plaintiff requests the court consider the following state court decision demonstrating a debt collector's liability under the MMPA:

- <u>Topchian v. JP Morgan Chase Bank, N.A., et al.</u>, in the Circuit Court of Jackson County, Missouri at Kansas City, Case No. 1416-CV28842 (Count VI – Violations of the Missouri Merchandising Practices Act). Topchian sued Martin Leigh (formerly known as Martin, Leigh, Laws & Fritzlen) acting as a *debt collector* for violating the Missouri Merchandising Practices Act. The Court denied Martin Leigh's Motion to Dismiss on September 8, 2015. <u>See</u> Order dated September 8, 2015, attached as Exhibit 5.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri 64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com

James Kessinger, #42808
Luke Demaree,    #54056
Erica Baker,        #70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
Jak4law@kc.rr.com
Lad4law@kc.rr.com
Edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2019, a copy of the above and foregoing Plaintiff's Notice of Supplemental Authority was sent by ECF Notification to:

William H. Meyer
Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
Attorneys for Defendants

/s/ Gregory Leyh
Attorney for Plaintiff

2

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | | |
|---|---|---|---|
| YVETTE BAKER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No.: | 1816-CV32043 |
| | ) | | |
| OCEAN 18, LLC, et al., | ) | Division 15 | |
| | ) | | |
| Defendants. | ) | | |

**ENTRY OF APPEARANCE**

COMES NOW Thomas J. Fritzlen, Jr. and the law firm Martin Leigh PC and enters his appearance as counsel for Defendant Ocean 18, LLC ("Ocean 18"), Nationwide Servicing Center, Inc. ("Nationwide"), and Martin Leigh PC ("MLPC"). All further pleadings and papers herein directed to or affecting this action should be served upon the undersigned.

Respectfully submitted,

MARTIN LEIGH PC

  /s/Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen, Jr.                    MO Bar #34653
2405 Grand Boulevard, Suite 410
Kansas City, Missouri 64108-2577
Telephone:       (816) 221-1430
Facsimile:        (816) 221-1044
Email:              tjf@martinleigh.com
***Attorney for Defendants Ocean 18, Nationwide,
and MLPC***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 18th day of June 2019 the foregoing was electronically filed with the Court using the Missouri eFiling System.  Pursuant to Rule 103.08, service was made to the attorneys of record who are registered users as maintained by the Clerk's office through the Court's electronic filing system.

/s/ Thomas J. Fritzlen, Jr
***An Attorney for Defendants Ocean 18,***
***Nationwide, and MLPC***

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

FILED Division 15
JUL 02 2019
CIRCUIT COURT OF JACKSON CO., MO

YVETTE BAKER, )
)
      Plaintiff, )
)
v. )
) Case No. 1816-CV32043
)
OCEAN 18, LLC, et al., )
) Division 15
      Defendants. )

## PLAINTIFF'S FIRST AMENDED PETITION FOR VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiff Yvette Baker, by and through counsel, and for her First Amended Petition For Violations of The Missouri Merchandising Practices Act against Defendants Ocean 18, LLC ("Ocean 18"), Nationwide Servicing Center, Inc. ("Nationwide") and Martin Leigh P.C. ("Martin Leigh") and Class Action Claim for Violations of the Missouri Merchandising Practices Act against Defendant Martin Leigh alleges as follows:

1.    Plaintiff is a natural person who resides in Kansas City, Missouri in the County of Jackson at 8926 Tennessee Avenue, Kansas City, Missouri.

2.    Defendant Ocean 18 is an American financial conglomerate and bulk debt buyer organized under the laws of the State of Delaware and located in San Diego, California. Ocean 18 is not registered to do business in the State of Missouri.

3.    Defendant Nationwide is a loan servicing corporation organized under the laws of the State of California and located in San Diego, California. Nationwide is not registered to do business in the State of Missouri.

4.     Defendant Martin Leigh P.C. is a Missouri debt collector located at 2405 Grand Boulevard, Suite 410, Kansas City, Missouri 64108, and conducting business in the County of Jackson, Missouri. Martin Leigh's business practices include collection of debts in Missouri and regularly attempts to collect debts alleged to be due to be owed to purchasers of bad debt. The sole basis for this suit against Martin Leigh is its role as a debt collector, as evidenced by the debt collection letter attached as Exhibit 1.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action because the Defendants, within this state: (1) transacted business, (2) made contracts, (3) attempted to collect debts (4) and the real property in dispute is located in Jackson County.

6.     Plaintiff has incurred damages as a result of Defendants' wrongful conduct, described more fully below.

7.     This Court, as a court of general jurisdiction, has subject matter jurisdiction over the claims made herein.

8.     The Court has personal jurisdiction over Defendant Martin Leigh by service upon registered agent within the boundaries of the State of Missouri.

9.     This Court has personal jurisdiction over Defendant Ocean 18 pursuant to the long arm jurisdiction statutes of the State of Missouri in the Defendant's actions affect a lien on real estate within the boundaries of the State of Missouri

10.     This Court has personal jurisdiction over Defendants Ocean 18 and Nationwide pursuant to the long arm jurisdiction statutes of the State of Missouri in the Defendants' actions affect a lien on real estate within the boundaries of the State of Missouri.

11.    Venue is proper in this Court pursuant to RSMo §508.030, because the real property is situated in Jackson County, Missouri.

12.    Venue is proper in this Court pursuant to RSMo §508.010(2), because the wrongful conduct occurred in Jackson County, Missouri.

## COMMON ALLEGATIONS OF FACT

13.    On September 30, 2005, Plaintiff signed two Promissory Notes and two Deeds of Trust granting a first and second mortgage to EquiFirst Corporation in order to purchase her family home.  A copy of the second note dated September 30, 2005 is attached as Exhibit 2.

14.    EquiFirst recorded both Deeds of Trust on October 3, 2005.

15.    The Deed of Trust recorded with instrument number 2005I0087536 incorporated the promissory note signed for $26,600.00, also referred to as the second mortgage.

16.    The Deed of Trust recorded with instrument number 2005I0087536 did not have any clauses prohibiting oral modifications.

17.    Soon after Plaintiff signed the Notes and Deeds of Trust both mortgages were allegedly transferred to Homecomings Financial, LLC ("Homecomings") which was an affiliate of GMAC Mortgage, LLC, ("GMAC") and Plaintiff made all mortgage payments to Homecomings for the first and the second mortgage.

18.    On June 10, 2009, Plaintiff received notice that the servicing of her mortgage loan was being transferred to GMAC Mortgage, LLC effective July 1, 2009.

19.     Plaintiff then began making all mortgage payments to GMAC for the first and second mortgage, which is evidenced by GMAC account numbers 7440619229 and 7440152452 found on Plaintiff's mortgage interest statements.

20.     On August 9, 2012, GMAC sent a letter approving a modification of Plaintiff's mortgages, and representatives of GMAC assured Plaintiff that once she completed the modification she would only be required to make the modified payments moving forward.

21.     GMAC and Plaintiff performed based on the understood agreement, and Plaintiff from the date that the loan modification was effective, paid the modified payment while GMAC did not pursue any default or payments of the second mortgage.

22.     Plaintiff never received any notice from GMAC that the second mortgage was in default or that payments were owed on the second mortgage.

23.     Plaintiff never received any notice of transfers or assignments of the second mortgage.

24.     Plaintiff does not owe any money to Ocean 18 or Nationwide pursuant to the terms of the second note.

25.     Plaintiff is not in default to Ocean 18 or Nationwide on the second note.

26.     Plaintiff has not dishonored the second note to Ocean 18 or Nationwide.

27.     Plaintiff paid her servicer money pursuant to the second note, but the money was not properly allocated to their account.

28.     As a result of the servicer's improper allocation of Plaintiff's payments, the servicer added charges and fees to Plaintiff's balance.

29.     The improper charges and fees added to Plaintiff's balance contributed to the servicer's false declaration that Plaintiff was in default to Ocean 18 or Nationwide.

30.     Defendants Ocean 18 and Nationwide have no right or interest in or to the second note.

31.     Defendants Ocean 18 and Nationwide are not and have never been the holder of the second note, and have no right to enforce the second note.

32.     As is explained further in significant detail, Defendants Ocean 18 and Nationwide are not and have never been the owner of the second note, and have no right to enforce the second note as owner.  Consequently, it is impossible for Plaintiff to be in default to Defendants Ocean 18 or Nationwide.

33.     Plaintiff's second note was never purchased by any alleged buyer, including Ocean 18 or Nationwide.

34.     The signatures contained on endorsements to the second note are not the signatures of the persons whose name appears on the endorsement, and are invalid under RSMo § 400.3-308.

35.     Six years after Plaintiff's modification agreement on or about August 3, 2018, Plaintiff received a 45 day Notice of Demand - Intent to Foreclose and Right to Cure from Mortgage Default Services, LLC for the amount of $29,123.90.

36.      Prior to the Notice of Demand, Plaintiff never received any notices from Ocean 18 or Nationwide that her second mortgage had been transferred to them or that she was in default.

37.     On October 15, 2018, in an effort to collect a debt, Martin Leigh recorded a Request for Notice of Sale dated October 12, 2018 and recorded as Document No. 2000510087535.

38.     As a debt collector, Martin Leigh should have known that the Request for Notice of Foreclosure Sale referenced the wrong Deed of Trust.

39.     As a debt collector, Martin Leigh recorded with the Jackson County, Missouri Recorder of Deeds office a Notice of Sale which referenced the incorrect Deed of Trust.

40.     As a debt collector, Martin Leigh published a notice in a newspaper giving notice of the foreclosure sale scheduled for December 13, 2018 of Plaintiff's family home.

41.     In the Notice of Demand, Ocean 18 alleges that Plaintiff failed to pay the April 1, 2010 payment and subsequent scheduled payments. However, Plaintiff has a mortgage interest statement showing that she made payments to GMAC on the second mortgage during the same time Ocean 18 alleges she was in default.

42.     On or about November 14, 2018, Plaintiff received fifteen Certified mailed letters from Martin Leigh, PC in its role as debt collector, giving Notice of Trustee's Sale scheduled for December 6, 2018 at 12:30 pm. These fifteen notices were fifteen attempts by Martin Leigh to collect a debt.

43.     On December 4, 2018, Plaintiff sent a letter to Martin Leigh requesting validation of the debt from Ocean 18, Nationwide, and Martin Leigh.

44.     On December 7, 2018, Plaintiff received a packet of documents from Martin Leigh for validation of the debt which included a copy of the second note and debt

collection letter stating that "MARTIN LEIGH IS ATTEMPTING TO COLLECT ON A DEBT." See Exhibit 1.

45.     The copy of the second note indicated that there were three allonges containing alleged endorsements of the second note.

46.     Upon information and belief, the allonges are not enforceable because they are defective, including that the third allonge was not affixed to the second note.

47.     On December 11, 2018, Plaintiff's counsel inspected the second note at the offices of Martin Leigh, acting as a debt collector on behalf of Ocean 18 or Nationwide.

48.     Plaintiff then requested that Martin Leigh send a scanned copy of the inspected second note

49.     The copy of the second note sent on December 11, 2018 was substantially different from the copy sent on December 7, 2018. One difference was that the third allonge was not affixed to the second note sent on December 7. The December 11 copy of the second note had a third allonge now affixed to the second note.

50.     Upon information and belief, the Defendants improperly altered the second note by affixing the third allonge allegedly transferring the second note to Ocean 18, LLC when at the time of validation and on the date of the scheduled foreclosure the third allonge was not firmly fixed to the second note as to become an extension or part of the second note.

51.     Plaintiff disputes that the "original" second note is an original note signed by Plaintiff.

52.     On December 14, 2018, Defendant Martin Leigh, as debt collector and in order to negotiate the debt payment, proposed a workout arrangement that Plaintiff pay

$1,000 as a down payment toward legal fees/costs/advances immediately and $1,000 a month until legal fees/costs/advances are paid, and upon satisfaction a Loan Modification Agreement capitalizing remaining delinquent accrued interest (adding back to unpaid principal) to bring the loan current; waive late charges; same rate, re-amortized based on 30-year term with monthly principal/interest payments of approximately $450.00 per month.

53.     On February 28, 2019, Martin Leigh, as a debt collector, proposed that Plaintiff pay Ocean 18, LLC $38,000 to resolve the matter and release the debt.

54.     On or about 2014, Israel Hechter, the owner and president of Ocean 18, LLC admitted in federal court that he paid one million in bribes to bank insiders at GMAC Mortgage, LLC and in exchange the bankers arranged for Hechter to win bids to purchase mortgage loans issued by banks and sold on the secondary market.

55.     Ocean 18 is a bulk debt buyer and makes windfall profits from buying secondary debts and enforcing against consumers who assume the debts are legitimate.

56.     On information and belief, the secondary mortgage Ocean 18 seeks to enforce in this case was acquired by wrongful conduct committed by Ocean 18, error, or oversight by the GMAC.

57.     GMAC filed for bankruptcy in 2013 after being prosecuted for crimes against its debtors, shortly after Plaintiff's loan modification was granted and it is highly likely that the modification was not documented correctly allowing the second mortgage to be transferred after it had been modified by GMAC.

58.     This can be evidenced by the alterations made on the loan modification that was recorded with the Jackson County Recorder of Deeds which were not a part of the original document signed by Plaintiff.

59.     Upon information and belief, Ocean 18 does not have the proper authority to enforce the second note signed by Plaintiff and to foreclose on Plaintiff's family home.

60.     Ocean 18 is seeking a default for unpaid payments from 2010 that were made to GMAC.

61.     Ocean 18 is a bulk debt collector which buys thousands of secondary debts for pennies on the dollar and Ocean 18 has not provided proper documentation that Plaintiff's second note was transferred or purchased by Ocean 18.

62.     Martin Leigh is in the business of the collection of debts in Missouri and it regularly attempts to collect debts alleged to be owed to purchasers of bulk debt.

63.     Martin Leigh has a pecuniary interest in its business servicing as a debt collect for purposes of the collection of debts in Missouri.

64.     Martin Leigh knew or should have known that it was attempting to collect a debt on behalf of a company that engaged in criminal conduct relating to the purchase of mortgage loans.

65.     Ocean 18 never provided Plaintiff with any documentation of the debt or any accounting of the allegedly unpaid amounts.

66.     Nationwide never provided Plaintiff with any documentation of the debt or any accounting of the allegedly unpaid amounts.

67.     Martin Leigh never provided Plaintiff with any documentation of the debt or any accounting of the allegedly unpaid amounts.

68.     Plaintiff explained to Nationwide that her loans had been modified and that she had been making her modified payments.

69.     Defendants have never provided any documentation to Plaintiff that its claims were legitimate.

70.     Nationwide continued making threatening calls to Plaintiff demanding she pay the full amount of a loan which had already been consolidated in another agreement, and threatening that if she didn't her family home would be sold on the courthouse steps.

71.     Plaintiff disputed the debt and requested verification and validation.

72.     According to Nationwide, the payoff amount for Plaintiff's second note is $46,622.66 as of December 10, 2018 and Plaintiff was not given notice of this amount prior to scheduled date of foreclosure.

## CLASS ACTION ALLEGATIONS AGAINST DEFENDANT MARTIN LEIGH AS DEBT COLLECTOR

73.     The Class of persons whom Plaintiff represents consists of the following:

> All Missouri citizens who received a debt collection letter from Martin Leigh between 2007 and the present where Martin Leigh was acting on behalf of a debt purchaser.

74.     A debt purchaser is a party who purchases debts from others and then attempts to collect on them.

75.     Plaintiff's class action claims are asserted only against defendant Martin Leigh as a debt collector.

76.     The class is limited to Missouri citizens.

77.     Martin Leigh is a Missouri citizen and is the only defendant on the class action claim.

78.     The injuries complained of by the class were incurred in Missouri.

79. The amount in controversy on the state-wide class action claim does not exceed $5 million.

80. Martin Leigh's business involves the collection of debts and its collection activities were carried out to attempt to complete the sale transactions on behalf of the servicer's collection process.

81. The members of the Class are so numerous that joinder of all of them is impracticable.

82. There are questions of law or fact common to the Class, including:

(a) whether the party seeking to enforce the alleged debt was the original creditor;

(b) whether the party seeking to enforce the alleged debt had a right to do so;

(c) whether Martin Leigh did anything to verify that the collecting party was the person entitled to collect the alleged debt;

(d) whether Martin Leigh had actual knowledge or constructive knowledge of the criminal conduct of Ocean 18 relating to the purchase of mortgage loans;

(e) whether Martin Leigh examined the original contract sales agreement, purchase agreement, schedule of debts purchased or note;

(f) whether Martin Leigh asked to examine the original contract sales agreement, purchase agreement, schedule of debts purchased or note;

(g) whether Martin Leigh asked if the original contract sales agreement, purchase agreement, schedule of debts purchased or note existed;

(h)     whether the original contract or note existed; and

(i)     whether Martin Leigh violated the Missouri Merchandising Practices Act.

83.     Plaintiff's claims are typical of the claims of the Class and predominate over any questions impacting only individual members.

84.     Plaintiff has retained counsel who is competent and experienced in class action litigation, and will fairly and adequately protect the interests of the Class.

85.     A class action, under Rule 52.08 of the Missouri Rules of Civil Procedure, is superior to other available methods for the fair and efficient adjudication of this controversy because:

(a)     The named Representative has the same interest as other members of the Class, and are financially able to, and will, vigorously prosecute this action on behalf of the Class;

(b)     It is desirable to concentrate the litigation in this forum because the damages suffered by individual members of the Class may be relatively small, and the expense and burden of individual litigation make it impracticable for individual Class members to pursue separate litigation. Such a situation would permit Defendants to retain the benefits of their wrongdoing despite violations of the law; and

(c)     No difficulties are likely to be encountered in the management of this litigation as a class action.

## COUNT I

## VIOLATIONS OF MMPA

### (BAKER V. ALL DEFENDANTS)

86.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 85 as if stated in full in Count One.

87.     Missouri's Merchandising Practices Act prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." RSMo 407.020.

88.     Nationwide is a loan servicing company servicing loans on behalf of Ocean 18, LLC.

89.     Nationwide is not licensed or regulated by the Missouri Division of Finance.

90.     Nationwide, as a loan servicer, should have the resources and expertise to execute all aspects of mortgage servicing, including proper allocation of payments, escrow services, payment of taxes and insurance, and compliance with investor guidelines.

91.     Nationwide and Martin Leigh provided a copy of the second note on December 7, 2018. The third allonge had not been firmly fixed to second note.

92.     On December 11, 2018, Martin Leigh produced the second note which had been stapled to all allonges.

93.     Upon information and belief, the second note was altered in order to argue that it was in compliance with the applicable laws of Missouri requiring all allonges to be firmly fixed to the note to be enforceable, and Ocean 18, Nationwide, and Martin Leigh were the only parties who had access to the second note to make alterations.

94.     This claim asserts that the MMPA was violated because of the deliberate alteration of an allonge.

95.     Defendants have produced contradictory and altered evidence that Defendants have the right to enforce Plaintiff's second note.

96.     Defendants used deception, committed an unfair practice, and concealed, suppressed and omitted from Plaintiff material facts and circumstances related to the transfer of the second to Ocean 18.

97.     The material facts concealed, suppressed and omitted from Plaintiff and relating to Defendants right to enforce the second note are known to Defendants or, upon reasonable inquiry, could have been known to Defendants.

98.     The material facts and circumstances concealed, suppressed and omitted from Plaintiff and relating to Ocean 18, LLC acquisition or transfer of the second note are unknown to Plaintiff.

99.     Defendants' actions constitute a pattern and practice of deceptive conduct.

100.    Defendants' actions are in connection with the attempt to collect on a debt.

101.    Defendants' acts described above constitute violations of the MMPA.

102.    As a direct and proximate result of Defendants' violations of the MMPA, Plaintiff suffered ascertainable losses in an amount to be determined at trial.

103. Plaintiff's ascertainable losses include humiliation and anguish because of Defendants' debt collection conduct, anxiety, depression, emotional distress, loss of sleep, negative credit impact, and unnecessary out-of-pocket costs as a result of Defendants' deception.

104. Defendants' conduct described above was malicious, intentional, reckless, corrupt, predatory, and sufficiently in disregard of Plaintiff's right to support an award of punitive damages against Defendants

105. As a result of Defendants' violations of the MMPA, it is liable to Plaintiff for all damages allowed by the MMPA, including for fees paid for services not performed, interest on the those fees, costs of suit, attorney's fees, expert witness fees, punitive damages, pre-judgment interest, post-judgment interest, and other such relief as the Court may determine.

**WHEREFORE**, Plaintiff prays this Court enter judgment in her favor and against Defendants on Count I of her First Amended Petition, for actual damages, punitive damages, and award Plaintiff her attorneys' fees and costs incurred in defending the rights of Plaintiff, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## COUNT II

## VIOLATIONS OF MMPA

### (BAKER V. ALL DEFENDANTS)

106. Plaintiff restates and alleges the allegations contained in paragraphs 1 through 105 as if stated in full in Count Two.

107.     Missouri's Merchandising Practices Act prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." RSMo 407.020.

108.     This claim asserts that the MMPA was violated because the second note was not sold or purchased in the manner required by Missouri law.

109.     Plaintiff's second note was allegedly purchased or transferred at least five times:

- EquiFirst Corporation to Residential Funding Corporation.
- Residential Funding Corporation to U.S. Bank National Association as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EFC1.
- Ocwen Loan Servicing, LLC Attorney in Fact for U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EFC1 to Residential Funding Company, LLC.
- Residential Funding Company, LLC to Dreambuilder Investments, LLC.
- Dreambuilder Investments, LLC to Ocean 18, LLC.

110.     The merry-go-round of parties allegedly acting as subsequent purchasers of Plaintiff's second note did not properly sell or transfer the second note in the manner required by Missouri law.

111.     Defendants have not provided proper documentation that Plaintiff's second note was purchased by Ocean 18.

112.     Plaintiff's second note was never purchased by any alleged buyer.

113.     Defendants used deception, committed an unfair practice, and concealed, suppressed and omitted from Plaintiff material facts and circumstances related to the purchase by or sale to Ocean 18 concerning the second note.

114.     The material facts concealed, suppressed and omitted from Plaintiff and relating to the purchase by or sale to Ocean 18 concerning the second note are known to Defendants or, upon reasonable inquiry, could have been known to Defendants.

115.     The material facts and circumstances concealed, suppressed and omitted from Plaintiff and relating to Ocean 18, LLC purchase of the second note are unknown to Plaintiff.

116.     Defendants' actions constitute a pattern and practice of deceptive conduct.

117.     Defendants' actions are in connection with the attempt to collect on a debt.

118.     Defendants' acts described above constitute violations of the MMPA.

119.     As a direct and proximate result of Defendants' violations of the MMPA, Plaintiff suffered ascertainable losses in an amount to be determined at trial.

120.     Plaintiff's ascertainable losses include humiliation and anguish because of Defendants' debt collection conduct, anxiety, depression, emotional distress, loss of sleep, negative credit impact, and unnecessary out-of-pocket costs as a result of Defendants' deception.

121.     Defendants' conduct described above was malicious, intentional, reckless, corrupt, predatory, and sufficiently in disregard of Plaintiff's right to support an award of punitive damages against Defendants

122.     As a result of Defendants' violations of the MMPA, it is liable to Plaintiff for all damages allowed by the MMPA, including for fees paid for services not

performed, interest on the those fees, costs of suit, attorney's fees, expert witness fees, punitive damages, pre-judgment interest, post-judgment interest, and other such relief as the Court may determine.

**WHEREFORE,** Plaintiff prays this Court enter judgment in her favor and against Defendants on Count II of her First Amended Petition, for actual damages, punitive damages, and award Plaintiff her attorneys' fees and costs incurred in defending the rights of Plaintiff, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

<u>COUNT III</u>

<u>STATE-WIDE CLASS ACTION CLAIM FOR VIOLATIONS OF MMPA</u>

**(PLAINTIFF CLASS V. MARTIN LEIGH)**

123.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 122 as if stated in full in Count Three.

124.    RSMo § 407.020.1 prohibits the use of deception, fraud, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale or advertisement of any merchandise, including debt collection.

125.    Martin Leigh used deception, committed an unfair practice, and concealed, suppressed and omitted from Plaintiffs material facts related to the right to enforce the second note includes both the allonge deliberate alteration and the failure to properly sell or purchase the second note.

126.    Martin Leigh used deception, committed an unfair practice, and concealed, suppressed and omitted from Plaintiffs material facts related to the debt collector's absence of a legal right to enforce the alleged debt collection.

127. The material facts concealed, suppressed and omitted from Plaintiffs and relating to the debt collector's absence of a legal right to enforce the alleged debt collection are known to Defendants or, upon reasonable inquiry, could have been known to Martin Leigh.

128. The material facts concealed, suppressed and omitted from Plaintiffs and relating to the debt collector's absence of a legal right to enforce the alleged debt collection are unknown to Plaintiffs.

129. Martin Leigh used deception, committed an unfair practice, and concealed, suppressed and omitted from Plaintiffs material facts related to the true identity of the debt collector and the real party-in-interest seeking to enforce the debt collection. As a result, Plaintiffs' efforts to ascertain the right of the debt collector and other parties seeking to enforce the debt collection were impaired, and Plaintiffs are deprived of a full and fair opportunity to assert their rights or to identify all legal defenses to debt collection.

130. The material facts concealed, suppressed and omitted from Plaintiffs relating to the true identity of the debt collector and real party-in-interest seeking to enforce the alleged debt are known to Martin Leigh or, upon reasonable inquiry, could have been known to Martin Leigh.

131. The material facts concealed, suppressed and omitted from Plaintiffs relating to the true identity of the debt collector and real party-in-interest seeking to enforce the alleged debt are unknown to Plaintiffs.

132. Martin Leigh is a debt collector in a substantial percentage of all debt collection conducted annually in the State of Missouri.

133. Martin Leigh's efforts to collect payments are an attempt to complete the sale transactions for which it acts on part of the servicer's collection process.

134. Martin Leigh's debt collection activities are carried out to enforce the terms of the original sale of consumer debts it has purchased from creditors and other debt collectors and consumer debts owed to third parties.

135. Providing debt collection services is a service under RSMo 407.011 et seq.

136. Missouri's Merchandising Practices Act prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." RSMo 407.020.

137. Martin Leigh's fees charged to Plaintiffs were deceptions and unfair practices as defined by the MMPA.

138. Martin Leigh used deception, committed an unfair practice, and concealed, suppressed and omitted from Plaintiffs material facts related to Martin Leigh's charges exceeding amounts owed by borrowers.

139. The material facts concealed, suppressed and omitted from Plaintiffs and relating to Martin Leigh's charges exceeding amounts owed by borrowers are known to Defendants or, upon reasonable inquiry, could have been known to Martin Leigh.

140. The material facts concealed, suppressed and omitted from Plaintiffs and relating to Martin Leigh's charges in excess of amounts owed by borrowers are unknown to Plaintiffs.

141. Martin Leigh's actions constitute a pattern and practice of deceptive conduct.

142 Martin Leigh's acts described above constitute violations of the MMPA.

143. As a direct and proximate result of Martin Leigh's violations of the MMPA, Plaintiff suffered ascertainable losses in an amount to be determined at trial.

144. Plaintiff's ascertainable losses include humiliation and anguish because of Defendants' debt collection conduct, anxiety, depression, emotional distress, loss of sleep, negative credit impact, and unnecessary out-of-pocket costs as a result of Martin Leigh's deception.

145. Martin Leigh's conduct described above was malicious, intentional, reckless, corrupt, predatory, and sufficiently in disregard of Plaintiffs' right to support an award of punitive damages against Martin Leigh.

146. As a result of Martin Leigh's violations of the MMPA, it is liable to Plaintiffs for all damages allowed by the MMPA, including for fees paid for services not performed, interest on those fees, costs of suit, attorney's fees, expert witness fees, punitive damages, pre-judgment interest, post-judgment interest, and other such relief as the Court may determine.

WHEREFORE, the Plaintiff Class prays this Court enter judgment in their favor and against defendant Martin Leigh on Count III of their State-Wide First Amended Class Action Petition, for actual damages, punitive damages, and award Plaintiffs their attorneys' fees and costs incurred in defending the rights of Plaintiffs, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri 64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com

James Kessinger, #42808
Luke Demaree, #54056
Erica Baker, #70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
Jak4law@kc.rr.com
Lad4law@kc.rr.com
edbaker@kessingerlaw.net
ATTORNEYS FOR PLAINTIFF

Law Office of
MARTIN LEIGH PC
A Professional Corporation
2405 Grand Blvd., Ste 410
Kansas City, MO 64108
816.221.1430
Toll-free 1.800.364.7071
Fax 816.221.1044

December 7, 2018

Gregory Leyh, PC
104 NE 72nd St., Suite A
Gladstone, MO 64118

EXHIBIT

tabbies

1

Re:

| | |
|---|---|
| Loan Number: | PRC813B026 |
| Creditor: | Ocean 18, LLC |
| Your Client: | Yvette Baker |
| Property Address: | 8926 Tennessee, Kansas City, MO 64138 |
| Our File Number: | 3559.322 |

Dear Mr. Leyh:

We are in receipt of your client's correspondence requesting verification of debt. Please find enclosed verification of the captioned debt, including a copy of the payment history, a copy of the promissory note, a copy of the deed of trust, a copy of the notice of service transfer and a copy of the demand notice.

The name and address of the original creditor was EquiFirst Corporation, 500 Forest Point Circle, Charlotte, NC 28273.

If you have any questions concerning the foregoing, please call.

Sincerely,

Martin Leigh PC

Gregory D. Todd

GDT:ct

Enclosures

**MARTIN LEIGH PC IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# NOTE

September 30, 2005       Kansas City       MO
(Date)             (City)           (State)

8926 Tennessee, Kansas City, MO 64138
(Property Address)

**EXHIBIT**

**2**

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 26,600.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is EquiFirst Corporation

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 11.000%. The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on November 1, 2005. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of it's scheduled due date and will be applied to interest before principal. If on, October 1, 2025, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at
EquiFirst Corporation , 500 Forest Point Circle , Charlotte, NC 28273
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 274.57 .

## 4. BORROWER'S RIGHT TO PREPAY

**(A) Prepayment**      I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**(B) Prepayment Penalty**

If I prepay this loan in full within 3 year(s) from the date of this Note, I agree to pay a prepayment penalty in an amount equal to 2.00% of the balance of the loan outstanding on the date of prepayment. This amount, known as a prepayment penalty, will be in addition to any other amounts I may owe under the provisions of the Note or the Security Instrument that secures the Note. If I make a prepayment in full on or after the 3rd anniversary date of the Note, the Note Holder will impose no prepayment penalty.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be the greater of 5.00 % or $15.00 of my overdue payment of principal and interest, up to a maximum of $50.00. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees not to exceed 15% of the amount due and payable, together with any court costs assessed, if this Note is referred for collection to an attorney that is not a salaried employee of the Note Holder.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by certified mail to the Note Holder at the address stated in Section 3(A) above or a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at it's option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)          _____ (Seal)
Yvette Baker                    -Borrower                                        -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                        -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                        -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                        -Borrower

## Note Endorsements

Borrower(s): Yvette Baker
Property Address: 8926 Tennessee, Kansas City, MO 64138

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By *Judy Faber*

Judy Faber, Vice President

Without Recourse, Pay to the Order of: RESIDENTIAL FUNDING CORPORATION

EquiFirst Corporation

By: _____

~~Inez Conroy~~ Richard Tarlton
Assistant Vice President

Servicer#:    7440619229

ALLONGE TO NOTE

This Allonge is a permanent part of the Note referenced below:

NOTE DATE:           09/30/2005
LOAN AMOUNT:         $26,000.00
BORROWER NAME(S):    Yvette Baker

PROPERTY:            8926 Tennessee, Kansas City, MO  64138

**PAY TO THE ORDER OF:**

Residential Funding Company, LLC

**WITHOUT RECOURSE**

Ocwen Loan Servicing, LLC Attorney In Fact for U.S. Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EFC1

Mary A. Miller, Authorized Signer

Pay to the order of

Dreambuilder Investments, LLC

Without recourse:

Residential Funding Company , LLC

Mary A. Miller
Authorized Officer



## ALLONGE TO THE NOTE

**LOAN #:** DBI-273772
**Previous Loan #:** 7440619229/NSP-7927
**Borrower:** YVETTE BAKER
**Date of Note:** 09/30/2005
**Loan Amount:** $26,600.00
**Property Address:** 8926 TENNESSEE, KANSAS CITY, MO 64138

For value received, I hereby transfer, endorse and assign the within Note and Deed of Trust / Mortgage securing the same, so far as the same pertains to said Note.

Pay to the order of: _____ Ocean 18, LLC _____ , Without Recourse

### DREAMBUILDER INVESTMENTS, LLC

Signature: _____

Printed Name: Tara Newton

Title: Assistant Vice President

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 1816-CV32043** |
| | ) | |
| OCEAN 18, LLC, et al., | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

## ORDER

The Plaintiff having filed her Motion for Leave to File First Amended Petition for

Violations of the Missouri Merchandising Practices Act, and the Court having reviewed

the record,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended

Petition for Violations of the Missouri Merchandising Practices Act is **GRANTED**.

**IT IS ALSO HEREBY ORDERED** that Plaintiff's First Amended Petition

for Violations of the Missouri Merchandising Practices Act attached as Exhibit A

to the Motion for Leave shall be deemed filed as of the date of this Order.

DATED:  July 2, 2019

_____
THE HONORABLE JALILAH OTTO

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent through the eFiling system to all counsel of record
on July 2, 2019

_____
Law Clerk/Judicial Administrative Assistant

Electronically Filed - Jackson - Kansas City - July 10, 2019 - 08:48 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1816-CV32043 |
| | ) | |
| OCEAN 18, LLC, et al., | ) | Division 15 |
| | ) | |
| Defendants. | ) | |

## **ORDER**

COMES NOW on this day, the Court takes on for consideration the Defendants' Unopposed Motion for Enlargement of Time to Answer, Object, or Otherwise Respond to Plaintiff's First Amended Petition. The Court, having reviewed the pleadings and being fully advised in the premises, hereby GRANTS said Motion.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the deadline for the Defendants to answer, object, or otherwise respond to the Plaintiff's First Amended Petition is extended to, and including, August 12, 2019.

Date: _____           _____

                                                      CIRCUIT COURT JUDGE

Respectfully submitted,

MARTIN LEIGH PC

By:    /s/Thomas J. Fritzlen, Jr.
        Thomas J. Fritzlen, Jr.     MO# 34653
        2405 Grand Blvd., Suite 410
        Kansas City, MO 64108
        T:     816-221-1430
        F:     816-221-1044
        E:     tjf@martinleigh.com
        ***Attorney for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July 2019, a copy of the foregoing was filed electronically and was served on all parties of interest receiving electronic notices in the above-captioned proceedings through the Court's CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/Thomas J. Fritzlen, Jr.
***Attorney for Defendants***

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:     1816-CV32043 |
| | ) | |
| OCEAN 18, LLC, et al., | ) | Division 15 |
| | ) | |
| Defendants. | ) | |

## ORDER

COMES NOW on this day, the Court takes on for consideration the Defendants' Unopposed Motion for Enlargement of Time to Answer, Object, or Otherwise Respond to Plaintiff's First Amended Petition. The Court, having reviewed the pleadings and being fully advised in the premises, hereby GRANTS said Motion.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the deadline for the Defendants to answer, object, or otherwise respond to the Plaintiff's First Amended Petition is extended to, and including, August 12, 2019.

Date: _____July 17, 2019_____          _____
                                        CIRCUIT COURT JUDGE

## Certificate of Service

This is to certify that a copy of the foregoing was sent through the eFiling system to all counsel of record on July 17, 2019:

_____
Law Clerk/Judicial Administrative Assistant

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

YVETTE C. BAKER,

                    Plaintiff,                        CASE NO.   1816-CV32043

v.                                               DIVISION  15

OCEAN 18, LLC, et al.,
                    Defendants.

## CASE MANAGEMENT ORDER

On the 22nd day of July 2019, this cause came on for a Case Management Conference. Plaintiff, Yvette Baker, appeared by counsel, ANDRA KNERNSCHIELD and ERICA BAKER. Defendants, Ocean 18 LLC, Nationwide Servicing Center Inc, and Martin Leigh PC, appeared by counsel, THOMAS FRITZLEN JR.

Case Management Conference continued to **AUGUST 19, 2019, at 9:30 a.m.**

**IT IS SO ORDERED.**

Dated:   __July 22, 2019__  

                                                **JALILAH OTTO, Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following on the 22nd day of July, 2019.

_____
Judicial Administrative Assistant / Law Clerk

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| YVETTE BAKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **Case No. 1816-CV32043** |
| | ) | |
| OCEAN 18, LLC, et al., | ) | |
| | ) | **Division 15** |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION**
**OR, IN THE ALTERNATIVE, REQUEST FOR ADDITIONAL TIME**
**TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

Pursuant to Missouri Rule of Civil Procedure 55.33(a), plaintiff Yvette Baker, by and through her attorneys of record, moves the Court for leave to file her First Amended Petition for Violations of the Missouri Merchandising Practices Act (Counts I and II) against all three defendants and Violations of the Missouri Merchandising Practices Act (Class Action Count III) against defendant Martin Leigh, a copy of which is attached to this Motion as Exhibit A, and in support state as follows:

1. Plaintiff filed her Petition for Violations of the Missouri Merchandising Practices Act (Count I) and Request for Injunction (Count II) against defendants Ocean 18, LLC, Nationwide Servicing Center, Inc. and Martin Leigh P.C. on December 11, 2018.

2. After an evidentiary hearing, a Temporary Restraining Order was entered on December 13, 2018. Judge Round also set a bond in the amount of $46,622.66.

3. Plaintiff posted her bond in the amount of $46,622.66 on December 17, 2018.

4.     Defendants filed a Motion to Dismiss on December 17, 2018.

5.     On December 19, 2018, plaintiff filed her Application for Change of Judge.

6.     On December 21, 2018, this case was transferred to Division 15 before the Honorable Jalilah Otto.  Subsequently, a preliminary injunction hearing was immediately scheduled for 12:30 p.m. that same day.

7.     On December 21, 2018, the parties and their attorneys appeared at the preliminary injunction hearing at 12:30 p.m.  The undersigned entered his appearance that afternoon.

8.     On December 21, 2018, this Court entered a Preliminary Injunction Order and all three defendants consented to the entry of the Preliminary Injunction Order.

9.     On December 28, 2018, plaintiff filed an Unopposed Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss.

10.     On January 7, 2019, this Court granted Plaintiff's Unopposed Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss up to and including January 11, 2019 to file a responsive pleading.

11.     Supreme Court Rule 55.33(a) provides that leave of court to file an amended pleading "shall be freely given when justice so requires."  See Green v. City of St. Louis, 878 S.W. 2d 794, 797 (Mo. banc 1994).  In this case, defendants will not suffer any prejudice from granting the motion for leave to amend.

12.     There is a new cause of action for Violations of the Missouri Merchandising Practices Act against all three defendants (Count II) arising from discovery of additional facts and evidence since the filing of the original Petition.

13.     There is also a new classwide cause of action for Violations of the Missouri Merchandising Practices Act against defendant Martin Leigh (Class Action Count III) arising from discovery of additional facts and evidence since the filing of the original Petition.

14.     Plaintiff withdrew her previous original claim of Injunction (Count II).

15.     No prior requests to amend the petition have been requested.

16.     If this Court denies Plaintiff's Motion for Leave to Amend Petition, plaintiff requests an additional fourteen (14) days to file a response to defendants' Motion to Dismiss from the date of the Court's Order.

17.     A proposed Order is attached.

WHEREFORE, plaintiff Yvette Baker requests that this Court grant her leave to file her First Amended Petition for Violations of the Missouri Merchandising Practices Act (Counts I and II) against all three defendants and Violations of the Missouri Merchandising Practices Act (Class Action Count III) against defendant Martin Leigh, a copy of which is attached to this Motion as Exhibit A or, in the alternative, an extension of time to file a response to defendants' Motion to Dismiss fourteen days from the date of this Court's Order.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite A
Gladstone, Missouri  64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com

James Kessinger, #42808
Luke Demaree,   #54056
Erica Baker,        #70625
KESSINGER LAW FIRM, P.C.
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
(816) 436-0707 [phone]
(816) 436-1380 [fax]
Jak4law@kc.rr.com
Lad4law@kc.rr.com
edbaker@kessingerlaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2019, a copy of the above and foregoing Plaintiff's Motion for Leave to File First Amended Petition Or, In the Alternative, Request for Extension of Time to File Response to Defendants' Motion to Dismiss was sent by ECF Notification to:

William H. Meyer
Gregory Todd
Martin Leigh PC
1044 Main St., Suite 900
Kansas City, Missouri 64105
Telephone (816) 221-1430
Facsimile (816) 221-1044
whm@martinleigh.com
gdt@martinleigh.com
Attorney for Defendants

/s/ Gregory Leyh
Attorney for Plaintiff

4