IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| YVETTE BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-0088-CV-W-SRB |
| ) | |
| OCEAN 18 LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion for Remand. (Doc. #7). The motion is granted in part and denied in part. This case is remanded to the Circuit Court of Jackson County, Missouri at Kansas City. Plaintiff's request for attorney's fees incurred in connection with this motion is denied.

### I. Background

On December 11, 2018, Plaintiff Yvette Baker filed this case in the Circuit Court of Jackson County, Missouri against Defendants Ocean 18, LLC; Nationwide Servicing Center, Inc.; and Martin Leigh PC. Plaintiff's Verified Petition includes the following claims: 1) Count I – Violation of Missouri Merchandising Practices Act ("MMPA") against all Defendants; and 2) Count II – Request for Injunction against all Defendants. Plaintiff alleges Defendants illegally pursued a non-judicial foreclosure proceeding against her. Also on December 11 Plaintiff filed a motion for temporary restraining order to prevent the foreclosure sale of her property. The state court issued a temporary restraining order on December 13, 2018. The state court later issued a preliminary injunction on December 21, 2018.

Defendants filed a joint motion to dismiss on December 17, 2018. On January 11, 2019, and without responding to the pending motion to dismiss, Plaintiff filed a motion for leave to amend the petition. Plaintiff attached the proposed amended petition to the motion. Plaintiff's proposed amended petition states claims against the same three Defendants as the original petition but includes three counts. Counts I and II are claims for violations of the MMPA against all Defendants. Count III is a class-action claim for violations of the MMPA against Defendant Martin Leigh. On January 22, 2019, Defendants filed a joint opposition to Plaintiff's motion for leave to amend the petition, and on January 24, 2019, Plaintiff filed a reply in support of her motion. The motion remained pending and had not been ruled on February 5, 2019, when Defendant Ocean 18, LLC removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II.  Legal Standard

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (citation omitted). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

## III.  Discussion

In the Notice of Removal, Defendant Ocean 18, LLC argues that Martin Leigh, the only non-diverse Defendant, has been fraudulently joined. With respect to the amount-in-controversy

2

requirement, Plaintiff argues that while the original petition did not satisfy the amount-in-controversy requirement, the proposed amended petition and an appraisal valuing Plaintiff's property at more than $80,000 constitute "other paper" on which the Court can find that the amount-in-controversy requirement has been met. *See* 28 U.S.C. § 1446(c) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.") The original petition alleged, "The amount in controversy is $42,622.66 and does not exceed $75,000." (Doc. #1-4, p. 5). The proposed amended petition does not include this allegation.

Plaintiff argues that removal was premature in that the proposed amended petition had not been accepted by the state court as the operative pleading, and this Court lacks subject-matter jurisdiction. This Court agrees. "The time for removal should not commence until the court grants leave to amend, if such leave is required. . . . Until the amendment is authorized, there is no dispute before the court." *Millentree v. TENT Rest. Operations, Inc.*, No. 08-394-CV-W-ODS, 2008 WL 4559879, at *2 (W.D. Mo. Oct. 8, 2008) (internal quotation marks and citations omitted).

Defendant Ocean 18, LLC relies primarily on *Harvel v. Shadow Creek, LLC*, No. 4:14-CV-01045-BCW, 2015 WL 18176 (W.D. Mo. Jan. 14, 2015), in support of its argument that the proposed amended petition and a real estate appraisal valuing Plaintiff's property at over $80,000 constitute "other paper" sufficient to satisfy the amount-in-controversy requirement. The *Harvel* petition sought judgment "in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus costs." *Id.* at *1. The defendant argued the case first became removable

3

Case 4:19-cv-00008-SRB   Document 1-3   Filed 04/23/19   Page 3 of 5
Case 4:19-cv-00008-SRB   Document 1-3   Filed 08/01/19   Page 3 of 5

when plaintiff served a discovery response indicating plaintiff sought more than $80,000 in damages. *Id.* The court held that the petition "lacked any indication that the amount in controversy exceeded $75,000" and plaintiff's discovery response constituted "other paper" making the case removable. *Id.* at *2.

In *Harvel* the petition and the discovery responses were not inconsistent. The *Harvel* plaintiff's petition stated plaintiff sought damages in excess of $25,000, and the discovery response stated the plaintiff sought damages of more than $80,000. Here, however, the petition and the proposed amended petition/appraisal are inconsistent. The operative petition controls the amount-in-controversy-requirement analysis given it affirmatively states that the amount in controversy *is* $42,622.66.

Given the Court's ruling with respect to the amount-in-controversy requirement, the Court need not reach the issue of fraudulent joinder. The Court notes, however, that the substantive allegations against Martin Leigh in the original petition are different than the substantive allegations against Martin Leigh in the proposed amended petition. Defendant Ocean 18, LLC argues the allegations against Martin Leigh in both the original petition and the proposed amended petition constitute fraudulent joinder. (Doc. #1, pp. 12-13). Even so, Defendant Ocean 18, LLC relies on the inclusion of class-action claims against Martin Leigh to support its argument that the amount-in-controversy requirement has been met. (Doc. #1, p. 9). This inconsistency and uncertainty as to what pleading the Court should analyze with respect to the fraudulent-joinder analysis supports remand. Further, if the state court accepts the proposed amended petition, which includes class action claims, the analysis of the parties' citizenship for diversity purposes may be impacted by the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453.

Plaintiff asks the Court to award attorney's fees in the amount of $7,480.00 because Defendant Ocean 18, LLC "lacked an objectively reasonable basis for removal." (Doc. #7, p. 6). While this Court finds that the appraisal is not enough to overcome the operative petition's affirmative allegation that the amount in controversy is $42,622.66, Defendant Ocean 18, LLC's reliance on the appraisal shows that it had an objectively reasonable basis for filing the Notice of Removal. Plaintiff's request for fees is denied. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2015) ("[W]hen an objectively reasonable basis exists, fees should be denied.").

**IV.     Conclusion**

Accordingly, Plaintiff's Motion for Remand (Doc. #7) is granted in part and denied in part. This case is remanded to the Circuit Court of Jackson County, Missouri at Kansas City. Plaintiff's request for attorney's fees incurred in connection with this motion is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2019

5

Case 4:19-cv-00008-SRB   Document 1-3   Filed 04/23/19   Page 5 of 5
Case 4:19-cv-00606-SRB   Document 1-4   Filed 08/01/19   Page 5 of 5